THE STATE EX REL. HART *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Hart v. Indus. Comm.* (1993), 66 Ohio St.3d 95.]

(No. 92–1876—Submitted February 2, 1993—Decided April 7, 1993.)

*Dorf & Rife, Joan H. Rife* and *Michael D. Dorf,* for relator.

*Lee I. Fisher,* Attorney General, and *Merl H. Wayman,* Assistant Attorney General, for respondent Industrial Commission.

*Bugbee & Conkle* and *Gregory B. Denny,* for respondent Johnson Controls, Inc.

---

*Per Curiam.* We are once again asked to review the commission's decision for "some evidence," as required by *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, syllabus. The present commission decision was based on a combination of medical and nonmedical factors—Dr. Baldoni's conclusion that claimant could do sedentary work, as well as claimant's youth and education. These factors provide "some evidence" supporting the denial of permanent total disability compensation.

Claimant's attack on Dr. Baldoni's report lacks merit. Claimant's contention that the report is deficient because it did not discuss nonmedical factors ignores the language in *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 171, 31 OBR 369, 373, 509 N.E.2d 946, 950, which specifically instructed physicians to limit their opinions to medical impairment. Similarly, *State ex rel. Lawrence v. American Lubricants Co.* (1988), 40 Ohio St.3d 321, 322, 533 N.E.2d 344, 346, stated:

"The court of appeals held that because Dr. Hutchison's report commented solely on impairment it was of no evidentiary value. * * * We disagree * * *. In *Stephenson,* we indicated that 'impairment,' not 'disability,' is the proper subject of medical reports. Therefore, it is inconsistent to discard as nonprobative reports that confine themselves to a discussion of impairment."

Claimant's citation to contrary evidence of record ignores our consistent refusal to reweigh evidence. *Burley, supra,* 31 Ohio St.3d at 20–21, 31 OBR at 72, 508 N.E.2d at 938. The commission is solely responsible for evaluating

evidentiary weight and credibility. *Id.; State ex rel. Ohio Bell Tel. Co. v. Krise* (1975), 42 Ohio St.2d 247, 254, 71 O.O.2d 226, 230, 327 N.E.2d 756, 761. Having found the commission's decision to be supported by "some evidence," we reject claimant's challenge going to the evidence before us.

Accordingly, the writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., not participating.