OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


The State ex rel. Singleton, Appellant, v. Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Singleton v. Indus. Comm. (1994), Ohio St.3d    .]
Workers' compensation -- Application for permanent total
       disability compensation denied when Industrial Commission
       finds claimant capable of rehabilitation/retraining --
       Commission's decision upheld when supported by "some
       evidence."
       (No. 93-2105 -- Submitted October 11, 1994 -- Decided December 7, 1994.)
       Appeal from the Court of Appeals for Franklin County, No. 92AP-1581.

Appellant-claimant, Harley Singleton, broke his left foot in 1984 while in the course of and arising from his employment with Clermont Transfer. Six years later, he applied to appellee, Industrial Commission of Ohio, for permanent total disability compensation.

Among other medical evidence presented to the commission, were the reports of Doctors Wayne C. Amendt and Steven S. Wunder, both of whom felt that claimant had a ten percent permanent partial impairment. Dr. Amendt felt that while claimant was unable, at that time, to return to his former job, there were two surgical procedures that, if successful, might alleviate claimant's complaints of pain and return him to his previous job. Dr. Wunder stated that claimant could not resume his former duties "because of the amount of controls that had to be operated by foot," but could do sedentary or light work.

Claimant submitted a vocational evaluation from Michael T. Farrell, Ph.D., who opined that:

"[Claimant] is restricted to sedentary work activity of an unskilled nature, commensurate with his intellectual functioning and academic skills, similar to his past work experience, not requiring sustained attention and concentration. Therefore, in conjunction with the above factors, it is my opinion that jobs do not exist in significant numbers in the local economy for which he would be able to perform on a sustained basis which would be considered

substantially remunerative; therefore, he should be considered permanently and totally disabled."

The commission denied permanent total disability compensation in an order that the Court of Appeals for Franklin County found to violate State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.  On return of the cause to the commission, a second order issued that again denied permanent total disability compensation, as follows:

"Claimant is 60 years old, has a 10th grade education, and work experience as  dockman, trucker, and salesman.  It is noted that claimant was self-employed in the fruit and vegetable business for approximately 6 years and that claimant occasionally tends bar on a voluntary basis.  The reports of Drs. Autry, Amendt and Wunder were reviewed.  The vocational report of Dr. Farrell was reviewed.

"The Commission particularly relies upon the reports of Drs. Amendt and Wunder, Commission orthopedists, who each concluded that claimant demonstrates a 10% permanent partial impairment and is capable of sedentary to light work activities.  The Commission finds that this relatively low impairment does not preclude retraining to employment at the sedentary-light range.  Further, the commission finds that claimant's past work history, particularly as a salesman and his self-employment in the fruit and vegetable business, indicates that claimant has the intelligence and skills to be rehabilitated/retrained.  Accordingly, claimant's application for permanent total disability is denied."

Claimant again petitioned the appellate court for a writ of mandamus to compel an award of permanent total disability compensation.  The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Kondritzer, Gold, Frank & Crowley Co., L.P.A., and Edward C. Ahlers, for appellant.
Lee Fisher, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee.

Per Curiam.  Claimant seeks to compel an award of permanent total disability compensation consistent with State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Alternatively, he seeks a return of the cause to the commission for further consideration and an amended order.  We deny both requests and affirm the judgment below.

Claimant's challenge rests on the erroneous belief that the commission was bound by Farrell's vocational assessment. Part of the commission's authority to weigh and evaluate evidence, however, is the freedom to reject it as unpersuasive.  Particularly as to vocational assessments, "to bind the commission to a rehabilitation report's conclusion makes the rehabilitation division, not the commission, the ultimate evaluator of disability, contrary to [State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946]."  State ex rel. Ellis v. McGraw Edison Co. (1993), 66 Ohio St.3d 92, 94, 609 N.E.2d 164, 166.

Preliminary to awarding either of the petitioned remedies herein, there must be a finding of noncompliance with Noll,

supra.  The adequacy of an order's reasoning often turns on the consistency between the ultimate decision and the factors cited in support thereof.  Where the factors cited, for example, readily suggest claimant's amenability to re-employment, the length of the commission's reasoning is generally immaterial, and mandamus relief will be denied.  See, e.g., State ex rel. Hart v. Indus. Comm. (1993), 66 Ohio St. 3d 95, 609 N.E.2d 166.  On the other hand, a longer explanation by the commission will not suffice where the factors discussed do not readily coincide with the decision issued, and mandamus relief will be granted.  See, e.g., State ex rel. Soto v. Indus. Comm. (1994), 69 Ohio St. 3d 146, 630 N.E.2d 714.

The present explanation meets the Noll requirement.  Medically, the claim is allowed exclusively for "broken left foot."  That injury preceded claimant's denial of permanent total disability compensation by eight years.  His permanent medical impairment was found to be quite low -- ten percent.  Equally important, aside from his education, claimant's nonmedical profile cannot be conclusively characterized as vocationally unfavorable.  Claimant was sixty years old when permanent total disability compensation was denied - - an age that need not automatically be considered an impediment to employment.  Claimant's work history is even more conducive to characterization as an employment asset.  Despite his tenth grade education, claimant possessed the intelligence to run his own produce business for six years.  There is thus "some evidence" supporting the commission's conclusion that claimant "has the intelligence and skills to be rehabilitated/retrained."

The appellate judgment is accordingly affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Resnick, J., dissents.