[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 205.]

THE STATE EX REL. WHETSTONE, APPELLANT, *v*. BONDED OIL COMPANY;
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Whetstone v. Bonded Oil Co*., 1995-Ohio-143.]

*Workers' compensation—Nonallowed pre-existing condition may not be considered under Stephenson's "all other factors"—Permanent total disability compensation not permitted by combining insignificant work injury with serious nonindustrial health problems.*

(No. 94-166—Submitted June 6, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-81.

————————————

{¶ 1} Appellant-claimant, Phillip Whetstone, is a forty-six-year-old high-school graduate. When he was twenty-five, he injured his back in the course of and arising from his employment with respondent Bonded Oil Company. Although treatment has been conservative, he has not worked since 1976. In 1980, his claim was additionally allowed for "severe depressive neurosis."

{¶ 2} In 1988, claimant applied for permanent total disability compensation. Medical evidence before appellee, Industrial Commission of Ohio, uniformly found that claimant was physically capable of gainful employment. Psychologically, the examiners noted claimant's explosive personality. In terms of impairment related to the industrial injury, the evidence ranged from zero percent permanent partial psychiatric impairment to permanent total impairment. As to the latter, Dr. Thomas T. F. Tsai based his opinion on the following observations:

"* * * Mr. Whetstone * * * [a]ppears to be somewhat tense and started to talk without asking. He sat down quickly and began to give [many] details about his suffering. He's well oriented in all spheres. His speech is not clear but although [sic] is understandable due to his anxiety[,] his verbalizations [are] not well

organized. His memory is intact and his intelligence is estimated at average level. His thought processes showed no gross abnormalities but thought contents were saturated with hopelessness and [he] feels bad for himself. His affect showed definite depression with anxiety and somatization. His judgment and insights are only fair."

{¶ 3} Dr. Lee Howard reported:

"The claimant's present complaints include irritability and explosive outbursts. However, it should be noted that the claimant admitted problems with physical abuse with his first wife prior to the Industrial accident in question. He is currently separated from his second wife due to the same problem. The modal diagnosis is a passive aggressive personality disorder with explosive features. This condition predated the Industrial accident in question and there are no evidences [*sic*] of aggravation.

"Although the claimant does experience some depression, it is primarily secondary to his personality disorder which causes an inability to effectively interact with others. The industrial accident is minimally responsible. He uses it as a source for projection of blame. There is poor motivation for change. He has not attempted to work for approximately 12 years."

{¶ 4} Dr. Paul H. Dillahunt assessed a forty-four-percent combined-effects impairment. He also stated:

"In addition to the orthopedic impairment, it must be noted that claimant's mental impairment would further compromise claimant's occupational opportunities. Claimant is tense, nervous, irritable, anxious, shaky with a short fuse and he lacks coping skills which would indicate claimant should be employed in a low stress occupation. Claimant's memory is impaired for recent and remote events and claimant has periods of forgetfulness which would compromise claimant's ability to remember locations or work-like procedures or to understand and remember detailed instructions. * * * Claimant has social withdrawal with

isolation which would compromise claimant's ability to work in coordination with or in proximity to others without being distracted by them. * * * Claimant has periods of confusion which would question claimant's ability to sustain an ordinary routine without special supervision. Claimant retains the ability to comprehend and reason which indicates claimant has [the] ability to make simple work related decisions."

{¶ 5} The commission, on April 29, 1992, denied permanent total disability compensation, writing:

"Claimant is age 43, is a high school graduate and has a work history as a dockworker and auto reconditioner. Claimant has had conservative medical care and has not had surgery. Dr. Howard opined claimant could return to his former position of employment. Drs. Kackley and Dillahunt opined claimant could engage in sustained remunerative employment. Based upon claimant's young age, [being a] high school graduate and the above medical findings, claimant is found not to be [permanently and totally disabled]."

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in failing to factor in the "passive aggressive personality disorder with explosive features" referred to by Dr. Howard. Because that condition had not been allowed in the claim, the appellate court found no error and denied the writ.

{¶ 7} This cause is now before this court upon an appeal as of right.

_____

*John R. Workman*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Janie D. Roberts*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

{¶ 8} *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 173, 31 OBR 369, 374, 509 N.E.2d 946, 951, directed the commission to "look at the claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological that are contained within the record in making its determination of permanent total disability."

{¶ 9} Claimant has a nonallowed pre-existing condition that Dr. Howard described as a "passive aggressive personality disorder with explosive features." Claimant asserts that this condition falls within the "all other factors" of which *Stephenson* demands consideration.

{¶ 10} Claimant's position effectively nullifies the important distinction between allowed and nonallowed conditions by according the two equal consideration, the latter under the guise of "all other factors." Claimant's proposition also effectively permits a claimant to receive permanent total disability compensation by combining the most insignificant work injury with serious nonindustrial health problems. Being unable to ascribe either intent to *Stephenson*, we reject claimant's argument.

{¶ 11} Claimant also unpersuasively asserts a violation of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. The citation of claimant's youth, educational attainment, and history of conservative medical care, however, is consistent with an order that we approved in *State ex rel. Hart v. Indus. Comm.* (1993), 66 Ohio St.3d 95, 609 N.E.2d 166. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

—————————