IN MANDAMUS ON OBJECTION TO THE MAGISTRATE'S DECISION
 MEMORANDUM DECISION
Relator, Toledo Neighborhood Housing Service, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order, which granted claimant, Ron Schmidt's, application for an additional award for relator's violation of a specific safety requirement ("VSSR") and to issue an order denying the requested VSSR award.
This matter was referred to a court-appointed magistrate, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and has recommended that this court deny relator's request for a writ of mandamus. Relator filed an objection to the magistrate's decision.
Relator first argues that the commission abused its discretion by relying on Webster's Dictionary and a nonapplicable section of the Ohio Administrative Code in finding that a "platform" must be a "flat" surface as used in Ohio Adm. Code4121:1-3-03(J)(1), which provides, in pertinent part:
 Lifelines, safety belts and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment when * * * exposed to hazards of falling when the operation being performed is more than fifteen feet above ground or above a floor or platform * * *. Lifelines and safety belts shall be securely fastened to the structure and shall sustain a static load of no less than five thousand four hundred pounds.
Ohio Adm. Code 4121:1-3-03(J)(1) does not define "platform," which places responsibility of its interpretation upon the commission. See State ex rel. Pressware Internatl., Inc. v.Indus. Comm. (1999), 85 Ohio St.3d 284; State ex rel. Go-Jo Industries v. Indus. Comm. (1998), 83 Ohio St.3d 529. We find that absent a definition in Ohio Adm. Code 4121:1-3-03, the commission was within its discretion in consulting Ohio Adm. Code4121:1-3-10(B)(27) and a common dictionary in arriving at the meaning of "platform."
Relator claims that the magistrate ignored the holding in State ex. rel. Cleveland Wrecking Co. v. Indus. Comm. (1988),35 Ohio St.3d 248, wherein the Court held that a crane's boom served as a temporary platform. Relator asserts that a crane boom is not flat, yet the Supreme Court held that the manner in which it was being used still constituted a "platform." However, in finding that the crane boom was a "platform," the Court specifically relied upon Ohio Adm. Code 4121:1-3-10(B)(27), as did the commission, which defines a "platform" as a temporary, flat working surface used to support employees. We find this argument to be without merit.
Relator next argues that the magistrate erred in holding that the commission did not abuse its discretion by ruling that the employer failed to "provide" safety belts and lanyards. Both parties presented evidence and testimony during the hearing on April 21, 1997, and the rehearing on December 15, 1997, as to the safety equipment. Claimant testified before the staff hearing officer that he had worked for relator for five years, was unaware of the presence of any safety lines on the truck, did not recall being trained on their use at a facility in Athens, Ohio, and was never required to sign a receipt for their possession?as opposed to other safety equipment, for which he did sign. Relator's production supervisor and co-workers testified that: each truck contained the equipment that was signed for by the crew leader; the safety equipment was in a truck assigned to claimant's crew at the time of the accident, although it was buried under piles of cellulose and other materials; the production supervisor did not personally inform claimant of the responsibility of the items or instruct claimant on their use and was unaware if anybody had ever told claimant that the items were on the truck; the safety items were discussed briefly at a company meeting sometime in 1992 or 1993; and such safety equipment was used three or four times in thirteen years by one co-worker and once in ten years by another co-worker. Another ten-year employee of relator testified that he was never informed that his truck was equipped with safety belts, lifelines, and lanyards, and he was never instructed by relator as to how to use this safety equipment.
We agree with the magistrate and the commission that because claimant was unaware of the existence of the equipment and was never informed by relator that the equipment was in the truck assigned to claimant's crew, relator cannot be said to have "provided" the safety equipment within the meaning and spirit of Ohio Adm. Code 4121:1-3-03(J)(1). The interpretation of a specific safety requirement and its terms is within the final jurisdiction of the commission and is not subject to correction in mandamus absent an abuse of discretion. Go-Jo Industries, supra; State exrel. Berry v. Indus. Comm. (1983), 4 Ohio St.3d 193. It would be useless for an employer to place safety equipment at a site but never tell the workers that the equipment existed and was available for their use. A requirement that the employer "provide" the safety equipment without informing a worker that it was available would render the specific safety requirement nonsensical and illusory. We find that under the circumstances of this case, the commission was well within its discretion in determining that because relator failed to inform claimant of the existence of the equipment and train him on the proper use of such equipment, relator cannot be said to have "provided" the required safety equipment pursuant to Ohio Adm. Code 4121:1-3-03(J)(1). Further, the decision regarding the credibility and weight of the evidence is within the exclusive jurisdiction of the commission, and there was some evidence to support the finding that relator failed to inform claimant regarding the use and availability of the safety equipment. See State ex rel. Hart v. Indus. Comm.
(1993), 66 Ohio St.3d 95.
After an examination of the magistrate's decision, an independent review of the record, pursuant to Civ.R. 53, and due consideration of relator's objection, we overrule its objection and find that the magistrate sufficiently discussed and determined the issues raised by relator in its objection. Accordingly, we adopt the magistrate's decision as our own and deny relator's request for a writ of mandamus.
Objection overruled; writ of mandamus denied.
BRYANT and TYACK, JJ., concur.