THE STATE EX REL. SHIELDS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Shields v. Indus.
Comm.* (1996), 74 Ohio St.3d 264.]

(No. 94–1179—Submitted October 24, 1995—Decided January 10, 1996.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy;* and *Kevin P. Collins,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellee Industrial Commission.

*Vorys Sater, Seymour & Pease, Robert A. Minor* and *Randall W. Mikes,* for appellee Central Soya Company.

---

*Per Curiam.* Claimant supplied the commission with two doctors' reports. Serious flaws in both reports, however, dictate their removal from evidentiary consideration. Both Drs. Chrisman and Pabst rely heavily on nonallowed medical conditions. Pabst further factors in nonmedical data. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018, and *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 633 N.E.2d 528, compel the removal of these reports from consideration.

Removal of the Chrisman and Pabst reports leaves only the Vetter and Reynolds reports, on which the commission currently relies. Both Drs. Vetter and Reynolds found claimant capable of sedentary to light work. Claimant's application, therefore, hinges on the commission's interpretation of claimant's nonmedical factors.

The Hartung vocational report discussed these factors, but was, from the face of the order, overlooked by the commission. Such omission would typically compel a return for further consideration pursuant to *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057. This case, however, provides an exception to that general rule.

*Fultz* was motivated by the concern that, had the commission been aware of the omitted evidence, it may have reached a different conclusion. That purpose,

however, cannot be furthered where the evidence is incapable of supporting a result contrary to that already reached by the commission, which is what we find here.

Hartung conceded that claimant's nonmedical factors would not preclude retraining in some types of sedentary work. Hartung limited those sedentary jobs to ones which would permit claimant to alternately sit and stand. Claimant argues that this limitation is tantamount to permanent total disability compensation, since sedentary employment would confine claimant to a sitting position for eight hours.

Claimant ignores that the only medical evidence that imposed sitting/standing restrictions were the Chrisman and Pabst reports. These reports, however, relied on nonallowed conditions and were properly discounted by the commission. Similarly, Hartung's observations of claimant's positional discomfort during the evaluation are insufficient to substantiate these restrictions, since Hartung is not a medical doctor and is not qualified to attribute claimant's discomfort to the allowed conditions.

Removing these restrictions leaves Hartung's report with only one conclusion that can withstand review—that claimant's nonmedical profile is consistent with retraining into sedentary work. Because sedentary work was recommended by Drs. Vetter and Reynolds, Hartung's report effectively supports the commission's decision. A "remand"—which would only serve to validate the commission's decision further—is, therefore, unnecessary.

Turning to the question of *Noll* sufficiency, we find that the order fulfills our directives in that case. In *State ex rel Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 609 N.E.2d 164, we upheld a permanent total disability compensation denial order that was similar to that now at issue. In *Ellis,* the commission wrote:

" 'The objective findings contained in the report of Dr. Hutchison reflect claimant is capable of sustained remunerative activity at the light level. His relatively young age and education reflects [*sic* ] he retains the transferable skills to engage in light job duties.' " *Id.* at 93, 609 N.E.2d at 165.

In affirming the commission, we reasoned:

"The commission exercised its prerogative in concluding that, at age fifty-one, claimant was young, not old, and that his age was a help, not a hinderance. So, too, the conclusion with regard to claimant's education, which also derives support from the record. More so than claimant's age, his education can be interpreted as either an asset or a liability. While his grade school level spelling and below-average reading ability clearly can be perceived negatively, the same rehabilitation report that determined these academic skills to be a limitation nonetheless

concluded that his high school education was an asset. The commission was persuaded by the latter conclusion." *Id.* at 94, 609 N.E.2d at 165–166.

So, too, in *State ex rel. Hart v. Indus. Comm.* (1993), 66 Ohio St.3d 95, 609 N.E.2d 166. There, the commission stated:

" 'Claimant is 39 years old, his G.E.D. is an assests [*sic* ] in claimant's retraining and/or returning to work. Claimant has a work history as a truck driver, however Industrial Commission examiner Dr. Baldoni stated claimant could engage in sedentary work.' " *Id.* at 96, 609 N.E.2d at 167.

Again, we wrote:

" * * * The present commission decision was based on a combination of medical and nonmedical factors—Dr. Baldoni's conclusion that claimant could do sedentary work, as well as claimant's youth and education. These factors provide 'some evidence' supporting the denial of permanent total disability compensation." *Id.* at 96, 609 N.E.2d at 167.

The present commission order notes that claimant's age and education were deemed to be vocational assets. Along with the cited rehabilitation recommendations of Drs. Reynolds and Vetter, the order adequately sets forth the reasoning that the commission used to deny permanent total disability compensation.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.