[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 330.]

THE STATE EX REL. SHARON, APPELLANT AND CROSS-APPELLEE, *v.*

INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT.

[Cite as *State ex rel. Sharon v. Indus. Comm*., 1998-Ohio-235.]

*Workers' compensation—Industrial Commission's order denying permanent total disability compensation an abuse of discretion when rehabilitation evidence not considered.*

(No. 95-2036—Submitted May 12, 1998—Decided July 8, 1998.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No. 94APD07-1072.

_____

{¶ 1} Claimant Clifford Sharon, appellant and cross-appellee, sustained two industrial injuries; the most serious occurred in 1986. His workers' compensation claim was allowed for back and psychiatric conditions. In 1992, he moved appellee and cross-appellant, Industrial Commission of Ohio, for permanent total disability compensation ("PTD"). Among the evidence before the commission were reports from the commission's rehabilitation division written in 1988. Claimant's vocational assets and limitations were listed as follows:

"*Assets*:

"1. Mr. Sharon revealed good use of hand tools.

"2. Good visual discrimination skills as it [*sic*] relates to quality control.

"3. Revealed aptitude for small engine repair.

"4. Revealed aptitude and strong interest for household and industrial wiring.

"*Limitations*:

"1. Mr. Sharon has a 6th grade education.

"2. Reading and spelling levels below the 3rd grade.

"3. Math skills at the 4th grade level.

"4. Poor clerical perception.

"5. Receptive language age equivalency at 11 years, 10 months."

**{¶ 2}** As to claimant's academic achievement, the division reported:

"The Wide Range Achievement Test (WRAT-R) assesses an individual's ability to learn basic to complex reading, spelling, and arithmetic skills. In addition, percentile scores and grade level equivalents may be obtained and can be compared to the achievement levels of individuals ranging from kindergarten age through adulthood. Mr. Sharon scored in the 1st percentile for reading with a grade equivalent of below the 3rd; spelling percentile of 1 with a grade equivalent of below the 3rd; and for arithmetic a percentile score of 1 with a grade equivalent of 4."

**{¶ 3}** In 1993, claimant's rehabilitation file was closed as follows:

"[T]his 48 year old claimant has a 6th grade education, is illiterate, has previously demonstrated decreased motivation to return to work, presents somatic over concern/preoccupation, low energy and has a possible previous substance abuse history. Dr. Robert Turton, psychiatrist, notes in his March 9, 1993 examination and report that Mr. Sharon is a poor candidate for rehabilitation.

"Mr. Sharon is clearly not feasible for BWC Rehabilitation Division services. His numerous deficits, combined, result in a very poor prognosis for rehabilitation to return to work."

**{¶ 4}** The commission ultimately denied PTD. Omitted, however, from the list of evidence considered by the commission were the reports from the rehabilitation division.

**{¶ 5}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him PTD. The court of appeals returned the cause for further consideration and

amended order after determining that the commission had not considered the rehabilitation evidence.

**{¶ 6}** The cause is now before this court upon an appeal and cross-appeal as of right.

————————————

*Hochman & Roach Co., L.P.A.*, *Gary D. Plunkett* and *Theresa M. Muhic*, for appellant and cross-appellee.

*Betty D. Montgomery*, Attorney General, and *Steven P. Fixler*, Assistant Attorney General, for appellee and cross-appellant.

————————————

*Per Curiam.*

**{¶ 7}** On authority of *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**LUNDBERG STRATTON, J., dissenting.**

**{¶ 8}** I do not believe that the reports from the commission's rehabilitation division would be capable of supporting a result contrary to that already reached by the commission; therefore, I would reverse the judgment of the court of appeals. *State ex rel. Shields v. Indus. Comm.* (1996), 74 Ohio St.3d 264, 658 N.E.2d 296.

**{¶ 9}** The medical reports do not limit this claimant to sedentary work—a limitation that often requires the acquisition of new skills. The commission determined that the claimant could engage in lighter work duties with lifting up to thirty-five pounds. The commission made reference to the claimant's past work history as a trucker and tow motor operator as types of jobs still within the claimant's physical abilities, indicating that there are jobs for the claimant within

his *current* intellectual and vocational levels of functioning. Because his reemployment does not hinge on the learning of new skills, it was not crucial that the commission consider evidence relevant to the claimant's *future* ability to learn or retrain.

{¶ 10} Therefore, I respectfully dissent and would reverse the judgment of the court of appeals.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

_____