DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, The Higbee Company/Dillard Department Stores, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting the application of respondent Franklin Fenn ("claimant") for permanent total disability ("PTD") compensation, and to enter an order finding that claimant is not entitled to such compensation.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant relator's request for a writ of mandamus. (Attached as Appendix A.) Both claimant and relator have filed objections to the magistrate's decision.
 {¶ 3} Claimant presents two objections. Claimant first asserts that the magistrate erred in finding that Dr. Ahmad Shahamat's report was not evidence of PTD because it improperly considered non-medical factors. Claimant contends the commission did not base its finding of PTD upon the conclusion of Dr. Shahamat that claimant was incapable of sustained remunerative employment, which cited several non-medical factors, but, rather, based it upon the severe limitations on claimant's ability to work noted elsewhere in the report; however, we find claimant's argument unpersuasive for three reasons. First, the limitations listed in Dr. Shahamat's report to which claimant specifically refers were based upon claimant's subjective complaints and would be of little probative value. Second, the commission does not refer to the subjective findings from Dr. Shahamat's report but cites only the portion of his report that includes the ultimate conclusion and consideration of the non-medical factors. Third, the commission could not have relied upon these subjective findings alone, as it was only through the doctor's final medical conclusion that the commission could glean the doctor's interpretation of these and the objective findings. Accordingly, it is clear that Dr. Shahamat based his final conclusion, in part, upon non-medical factors. Although a doctor is not precluded from mentioning non-medical factors in his or her report, it is well-established that his or her ultimate opinion on the claimant's impairment must be based solely on medical factors. See State ex rel. Ford Motor Co. v. Indus. Comm.,
Franklin App. No. 03AP-189, 2004-Ohio-1056. Therefore, the magistrate did not err in finding the commission improperly relied upon Dr. Shahamat's report.
 {¶ 4} Claimant next asserts that the magistrate erred in finding the commission was barred from considering Dr. Emmanuel Tuffuor's report by State ex rel. Zamora v. Indus. Comm.
(1989), 45 Ohio St.3d 17, because it was previously rejected by the commission in determining claimant's request for authorization of a pain management program. Claimant further asserts that, regardless, Dr. Tuffuor's report did not constitute some evidence. With regard to the first assertion, claimant contends that the previous decision of the staff hearing officer ("SHO") relating to claimant's request for authorization of a pain management program did not "reject" Dr. Tuffuor's report when it found another doctor's report "more persuasive." We disagree. Prior to the SHO's decision, the district hearing officer ("DHO") had rejected Dr. Tuffuor's report because it failed to establish a causal relationship between the claimant's presentation and the allowed lumbar strain/sprain. The SHO's subsequent finding that another doctor's report was "more persuasive" than Dr. Tuffuor's report in no way resurrected Dr. Tuffuor's report after the DHO's prior rejection. The SHO gave no indication that it disagreed with the DHO's finding but only indicated it found another report even more convincing to deny claimant's request for authorization. Therefore, the magistrate correctly found Dr. Tuffuor's report was improperly considered by the commission based upon Zamora. With regard to the magistrate's additional finding that, even if the report was not subject to Zamora, it could not constitute some evidence because his PTD opinion was based upon additional non-allowed conditions, we concur in the magistrate's reasoning and reject claimant's objection in this regard. Therefore, claimant's objections are without merit.
 {¶ 5} Relator also presents two objections. Relator first asserts that the commission's PTD order failed to specifically find that the allowed conditions alone caused claimant's inability to perform sustained remunerative work. Relator asserts in its second objection that the commission's PTD order violatedState ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203; however, as we have found the magistrate did not err in finding that the commission improperly relied upon the reports of Drs. Shahamat and Tuffuor, and the matter must be returned to the commission for a redetermination of the matter, relator's objections are moot. Notwithstanding, we agree with the magistrate's analysis on these issues.
 {¶ 6} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's and claimant's objections, we overrule the objections and find that the magistrate sufficiently discussed and determined the issues raised. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, and grant relator's request for a writ of mandamus.
Objections overruled; writ granted.
Klatt and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : The Higbee Company, : Relator, v. : No. 03AP-967
Franklin Fenn and Industrial (REGULAR CALENDAR) Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on April 9, 2004 Taft, Stettinius Hollister LLP, and Timothy L. Zix, for relator.
Stewart Jaffy Associates Co., LPA, and Rachel B. Jaffy,
for respondent Franklin Fenn.
Jim Petro, Attorney General, and Phil Wright, Jr., for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 7} Relator, The Higbee Company, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Franklin Fenn ("claimant") and ordering the commission to find that claimant is not entitled to that compensation.
Findings of Fact:
 {¶ 8} 1. Claimant has sustained four separate industrial injuries, the most recent and serious occurring on August 14, 1996. Claimant's claims have been allowed as follows:
[First] PEL10449 — left hand, finger unspecified, arm, shoulder, left side unspecified.
[Second] 94-579559 — left lateral collateral ligament strain; fracture 4th (little) finger; distal phalanx.
[Third] 96-516015 — contusion forehead.
[Fourth] 96-551354 — sprain/strain low back.
 {¶ 9} 2. Claimant has not worked since the August 14, 1996 injury. At that time claimant was 58 years old.
 {¶ 10} 3. Claimant filed his application for PTD compensation on November 12, 1999. At that time, claimant was 63 years old, indicated that he had completed the 12th grade, and his work experience included deputy sheriff, a security officer, and an Army combat engineer.
 {¶ 11} 4. Claimant's application was supported by the June 26, 2000 report of his treating physician Emmanuel O. Tuffuor, M.D. In his report, Dr. Tuffuor made the following relevant statements:
* * * Prior to the event Mr. Fenn had not suffered any low back complaints, as my records will indicate. * * * [P]hysical therapy and analgesics have been the mainstay of treatment.
On examination as of 3/24/98, and confirmed by an MRI of the lumbar spine a left radiculopathy at L4-L5 was noted. Deep tendon reflex of the left ankle was absent, with moderate sensory deficit along the L4-L5 dermatome. The MRI detected disc bulging at L3-4, L4-5, L5-S1 ventrally. The options of surgical intervention are being explored currently.
Mr. Fenn's functional capacity is extremely limited. Bending, squatting, crawling, climbing and reaching have usually precipitated an exacerbation of his low back pain. Lifting any weight greater than 5lbs is not recommended. Due to the left leg neuropathy, prolonged walking is discouraged.
After nearly four years as the health care giver of Mr. Fenn, it is my medical opinion that he is unable to function in a working capacity.
I have reviewed a medical report prepared by Dr. Ericson [sic] following his one time evaluation of Mr. Fenn on 1/28/00. * * * I disagree with his conclusions which appear to be based on a technicality of a diagnostic labeling. Mr. Fenn, since the time of his injury of 8/14/96 has been carrying a diagnosis of lumbosacral sprain. This could never have been challenged without [an] MRI which was obtained by me about 18 months later. The conclusive evidence of the disc disease and the spinal stenosis were known after the injury which by itself alone can lead to those findings. To discount the contribution of the injury to the MRI findings resulting in Mr. Fenn's disability would be a gross disservice to the patient since we have no information to substantiate his MRI findings predating the injury. As a clinician and a diagnostician it is more probable than not within the normal standards of medical practice that the injury suffered by Mr. Fenn on 8/14/96 is directly responsible for his present state of disability.
 {¶ 12} 5. The commission also had the October 8, 1999 report of Ahmad Shahamat, M.D., who opined as follows:
Considering the education and the 28 years of working for the Sheriffs Department as a Security Guard which is the only job that Mr. Franklin Fenn has had all of his life and the latest injury that he sustained on August 14, 1996 it is my medical opinion that Mr. Franklin Fenn is not able to engage in any substantial or gainful employment. Therefore he is permanently and totally disabled.
 {¶ 13} 6. While his application for PTD compensation was pending, claimant filed a motion requesting pain management trial and consultation. Claimant submitted the same June 26, 2000 report from Dr. Tuffuor. By order dated September 19, 2000, a district hearing officer ("DHO") denied claimant's request for the following reasons:
This District Hearing Officer denies claimant's request for a pain management based on claimant's treating physician, Dr. Tuffuor's 06/26/2000 report. Specifically, Dr. Tuffuor relates it is the finding of bulging discs seen on the 03/24/1998 MRI that is the source of claimant's pain. Such bulging discs are non-allowed conditions.
 {¶ 14} 7. On appeal, a staff hearing officer ("SHO") also denied the request for pain management trial and consultation based upon the report of Dean W. Erickson, M.D., and stated, in pertinent part, as follows:
The report of Dr. Erickson was found more persuasive than the reports from Dr. Tuffour [sic].
"Mr. Fenn's current chronic low back pain and leg pain is secondary to non-allowed conditions including multilevel degenerative disc disease and multilevel degenerative arthritis of the lumbar spine with associated foraminal stenosis left greater than right, resulting in left radicular leg pain. In addition, Mr. Fenn also has peripheral vascular disease contributing to his chronic pain and condition.
Mr. Fenn's allowed condition of low back strain has long since gone through the normal healing process and is no longer responsible for his current symptoms and current condition."
For these reasons, the pain management is denied because it is not related to this 08/14/1996 injury.
 {¶ 15} 8. The record also contains vocational reports from Janet Chapman and John Ruth who were of the opinion that claimant was unable to perform any sustained remunerative employment. However, Craig S. Johnston issued a vocational report indicating that claimant would be capable of performing some sustained remunerative employment.
 {¶ 16} 9. Claimant's application was heard before an SHO on May 15, 2003, and resulted in an order granting the compensation based particularly upon the medical reports of Dr. Shahamat and Dr. Tuffuor and the vocational reports of Ms. Chapman and Mr. Ruth. Although the SHO relied upon medical reports which, in and of themselves, state that claimant is permanently and totally disabled, the SHO relied upon the vocational reports of Ms. Chapman and Mr. Ruth and provided the following independent vocational analysis:
Injured Worker is a 66-year old male who has not worked since 08/14/1996; he was 58-years of age at that time. His work experience includes being a deputy sheriff; a security officer and an Army combat engineer. He did complete the 12th grade; there is special training in law enforcement. His medical history is significant for one surgery for the industrial injury and is significant for the unrelated conditions of hypertension, vascular disease, bowel surgery, varicose veins, and right wrist surgery. He is currently receiving Social Security retirement.
Based on the preponderance of the evidence, the Staff Hearing Officer finds that Injured Worker is not capable of successfully competing in the labor market. Injured Worker's physical condition precludes his performing his former position of employment and restricts him to, at best, sedentary labor. The skills he acquired in the work do not transfer to less labor specific employment and his age precludes retraining.
It is the finding of the Staff Hearing Officer that Injured Worker's conditions have become permanent and have reached maximum medical improvement. The Staff Hearing Officer further finds that Injured Worker cannot return to his former position of employment and is unable to engage in sustained remunerative employment. Therefore, it is the decision of the Staff Hearing Officer to grant Injured Worker's Permanent Total Disability application filed 11/12/1999. Permanent Total Disability is awarded beginning 11/12/1999, the date Injured Worker applied for permanent total disability.
 {¶ 17} 10. Thereafter, the SHO allocated the award as follows:
It is further ordered that the above award be allocated as follows:
80% of the award is to be paid under Claim Number 96-551354 [sprain/strain low back];
10% of the award is to be paid under Claim Number PEL10449.
10% of the award is to be paid under Claim Number 94-579559.
 {¶ 18} 11. Relator's request for reconsideration was denied by order of the commission mailed September 20, 2003.
 {¶ 19} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 21} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 22} Relator contends that the commission's order is defective in a number of ways: (1) Dr. Shahamat's October 8, 1999 report does not constitute some evidence upon which the commission could rely; (2) Dr. Tuffuor's June 6, 2000 report does not constitute some evidence upon which the commission could rely; (3) the commission failed to specifically find that the allowed conditions alone caused claimant's inability to perform sustained remunerative employment; and (4) the commission's order violates Noll. For the reasons that follow, this magistrate finds that relator has demonstrated that the commission abused its discretion and a writ of mandamus ordering the commission to vacate its order is appropriate.
 {¶ 23} Relator first challenges the report of Dr. Shahamat and argues that Dr. Shahamat did not opine that, solely as a result of the allowed conditions, claimant was incapable of performing some sustained remunerative employment. Instead, relator asserts that Dr. Shahamat utilized nonmedical disability factors in rendering his decision. This magistrate agrees.
 {¶ 24} As stated previously in the findings of fact, Dr. Shahamat specifically concluded as follows:
Considering the education and the 28 years of working for the Sheriffs Department as a Security Guard which is the only job that Mr. Franklin Fenn has had all of his life and the latest injury that he sustained on August 14, 1996 it is my medical opinion that Mr. Franklin Fenn is not able to engage in any substantial or gainful employment. Therefore he is permanently and totally disabled.
 {¶ 25} In his report, Dr. Shahamat did note his objective findings; however, nowhere in the record did Dr. Shahamat list any physical restrictions on claimant's abilities or inabilities. It is undisputed that a physician is limited to a consideration of the medical factors only and that it is improper for a physician to consider the nonmedical disability factors in rendering an opinion. However, it is also understood that often times physicians use the terms "impairment" and "disability" interchangeably and the fact that a physician mentions the disability factors is not always fatal. However, in the present case, this magistrate finds that it is.
 {¶ 26} In State ex rel. Lopez v. Indus. Comm. (1994),69 Ohio St.3d 445, 446, the Supreme Court of Ohio ultimately held that Dr. Seltzer's report had to be excluded from evidence, in large part because his conclusion was expressly based, in part, on the claimant's "additional history" which consisted of a discussion of the claimant's nonmedical factors. The opinion portion of Dr. Seltzer's report had indicated the following:
"* * * Based on the history, subjective complaints,additional history, and my objective findings, it is my opinion that Valentin Lopez is permanently and totally disabled [sic] and unfit for sustained remunerative employment as a result of his industrial injury of November 8, 1982." (Emphasis added.)
(Emphasis sic.)
 {¶ 27} Furthermore, in State ex rel. Shields v. Indus.Comm. (1996), 74 Ohio St.3d 264, the court ultimately determined that the report of Dr. Pabst did not constitute some evidence upon which the commission could rely because he relied heavily on nonallowed medical conditions and factored in nonmedical data. Specifically, Dr. Pabst had stated as follows in his report:
"I also note a vocational evaluation report which I think is most important to denote. Particularly noting his education level, that of being high school, [with a] lower level of performance testing. Also his physical capacity performance, particularly noting his decreased manual dexterity, limited overhead arm use, impression as far as his ability to complete formal training, lack of carry over skills from his prior employment, and his assessed prognosis."
* * *
* * * With the described response to his prior treatment, particularly in his exercise programming, etc., and considering the findings on his vocational evaluation, he would not be [a] rehabilitation candidate.
* * *
"I think it is clear from the vocational evaluation and I would agree with the assessment on that evaluation from his exam to date that he, for all practical purposes considering his educational level and testing, and all other factors noted, would not really be considered a candidate for any kind of training program of this nature. * * * Overall, considering all the factors, I think that the potential for his employability is basically nil. I think the bottom line is that he is totally and permanently disabled [sic]."
Id. at 265-266.
 {¶ 28} Based upon the above considerations, this magistrate finds that Dr. Shahamat's report improperly considered nonmedical disability factors when Dr. Shahamat ultimately opined that claimant was unable to perform some sustained remunerative employment. This magistrate finds that Dr. Shahamat's report does not constitute some evidence upon which the commission could rely in granting claimant PTD compensation.
 {¶ 29} Turning to the report of Dr. Tuffuor, the magistrate finds that this report likewise does not constitute some evidence upon which the commission could rely, but for different reasons. First, as relator argues, pursuant to State ex rel. Zamora v.Indus. Comm. (1989), 45 Ohio St.3d 17, the commission should not have relied upon Dr. Tuffuor's report to grant PTD compensation at all.
 {¶ 30} Zamora prohibits the commission from relying on a medical report that the commission had earlier found to be unpersuasive. See State ex rel. Jeep Corp. v. Indus. Comm.
(1992), 64 Ohio St.3d 378, 381. Specifically, the court stated as follows:
* * * [I]t would be inconsistent to permit the commission to reject the [doctor's] report at one level, for whatever reason, and rely on it at another. * * *
Zamora, at 19.
 {¶ 31} Although the commission is not required to do anything further than cite that evidence upon which it relies, when the commission has two reports before it, and it relies upon one report and not the other, the court has held that the report not relied upon has been "implicitly rejected" by the commission. That report, rejected for what-ever reason, cannot be relied upon again at some later time.
 {¶ 32} In the present case, when the commission ruled upon claimant's request for pain management trial and consultation, the DHO specifically rejected Dr. Tuffuor's June 26, 2000 report, finding that Dr. Tuffuor determined that the bulging discs as seen on the March 24, 1998 MRI are the source of claimant's pain and that those bulging discs are nonallowed conditions. On appeal, the SHO modified the prior DHO order and specifically stated that the report of Dr. Erickson was found to be more persuasive than the report of Dr. Tuffuor. As such, Dr. Tuffuor's June 26, 2000 report, upon which another SHO later relied upon in granting PTD compensation, had been "implicitly rejected" when the commission denied claimant's request for pain management trial and consultation. Zamora would apply and, pursuant thereto, Dr. Tuffuor's report could not have later been relied upon by the commission to grant PTD compensation.
 {¶ 33} This magistrate also finds that Dr. Tuffuor's report did not constitute some evidence upon which the commission could rely for an additional reason. Specifically, Dr. Tuffuor specifically indicated that claimant has "left radiculopathy at L4-L5 * * * disc bulging at L3-4, L4-5, L5-S1 ventrally." He then went on to indicate that "the conclusive evidence of the disc disease and the spinal stenosis were known after the injury which by itself alone can lead to those findings." It is clear from Dr. Tuffuor's report that he is of the opinion that claimant currently suffers from additional back conditions which, at the time of the PTD application, were nonallowed conditions. His conclusion that claimant is permanently and totally disabled is dependent upon the conclusion that the bulging discs and radiculopathy were caused by the currently allowed condition of sprain/strain low back. Because claimant's claim has not been allowed for these additional conditions, and because Dr. Tuffuor's report indicates that those conditions are the conditions which are disabling claimant, the commission abused its discretion in relying upon this medical report to find that claimant was entitled to PTD compensation. As such, Dr. Tuffuor's report did not constitute some evidence upon which the commission could rely either.
 {¶ 34} With regard to relator's argument that the commission failed to specifically find that the allowed conditions alone caused claimant's inability to perform sustained remunerative employment, this magistrate finds that relator's argument lacks merit. Although the SHO did rely upon medical reports wherein the doctors opined that claimant was permanently and totally disabled due to the allowed conditions, the SHO concluded that claimant was precluded from performing his former position of employment and restricted to, at best, sedentary labor. The SHO then went on to rely upon two vocational reports in the record as well as providing her own analysis of the vocational factors. Relator cites State ex rel. Bryant v. Indus. Comm. (1996),74 Ohio St.3d 458, and argues that the commission was obligated to discuss claimant's nonallowed degenerative conditions. However, had Dr. Shahamat not relied upon nonmedical factors in opining that claimant was permanently and totally disabled, his opinion was otherwise based upon the allowed conditions. Based upon these facts, relator's argument lacks merit.
 {¶ 35} Furthermore, relator contends that the commission's order violates Noll because the commission failed to explain how it awarded PTD compensation for the lumbar strain when it had previously determined that that condition had healed and was not responsible for current symptoms or conditions. This magistrate finds that the SHO was not required to provide such an explanation. Pursuant to Noll, the cases which preceded Noll
and the cases which followed Noll, the commission is required to state that evidence upon which the commission relies in rendering its determination. Thereafter, the commission is to provide a brief explanation, in the present case, as to how the medical restrictions and the vocational factors combined together render claimant to be permanently and totally disabled. Although this magistrate is finding that the medical reports upon which the commission relied do not constitute some evidence, this magistrate finds that, in all other respects, the commission did comply with the requirements of Noll. As such, this argument of relator would fail.
 {¶ 36} Based upon the foregoing, it is this magistrate's decision that relator has demonstrated that the commission abused its discretion in relying upon the reports of Drs. Shahamat and Tuffuor in determining that claimant was entitled to PTD compensation. This court should grant relator's request for a writ of mandamus, order the commission to vacate its order granting claimant PTD compensation, and re-determine the matter, with or without requesting additional medical evidence and with or without another hearing.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE