THE STATE EX REL. STEVENS, APPELLANT AND CROSS-APPELLEE, v. INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT; FOUNTAIN PARK NURSING HOME, APPELLEE.

[Cite as *State ex rel. Stevens v. Indus. Comm.*, 142 Ohio St.3d 313, 2015-Ohio-1352.]

(No. 2013–1035—Submitted January 13, 2015—Decided April 8, 2015.)

_____

**Per Curiam.**

{¶ 1} Appellant and cross-appellee, Sophia Stevens, slipped and fell while working as a nursing assistant in 1979. Thirty years later, in 2009, she filed a

motion for permanent-total-disability compensation. Appellee and cross-appellant, Industrial Commission, through a staff hearing officer, initially granted her request. The full commission subsequently reconsidered the staff hearing officer's order and denied Stevens's request for benefits.

{¶ 2} Stevens filed a complaint for a writ of mandamus in the Tenth District Court of Appeals, alleging that the commission abused its discretion when it denied her application for permanent-total-disability benefits.

{¶ 3} The court of appeals concluded that Stevens had not met her burden of proof in mandamus on the issue of continuing jurisdiction but that she had been deprived of due process of law when one of the three voting commissioners did not attend the hearing but relied on a summary of the proceeding from a hearing officer who was present at the hearing. The court issued a writ commanding the commission to rehear the application for permanent-total-disability compensation with all three commissioners present.

{¶ 4} For the reasons that follow, we reverse the judgment of the court of appeals and deny the writ.

{¶ 5} On May 20, 1979, the claimant, Sophia Stevens, was injured while employed as a nursing assistant. Through the years, her workers' compensation claim related to this incident was allowed for the following medical conditions: cervical and lumbar strain, phlebitis in the right arm and hand, dyspepsia, gastritis, esophagitis and aggravation of hiatal hernia, strain/sprain of right shoulder, elbow, and forearm, closed fracture of right middle finger, impingement syndrome in the right shoulder, and degenerative spondylosis of the lumbar spine.

{¶ 6} Stevens was referred to the commission's rehabilitation division on several occasions, the division having closed her file in 1983, 1989, and 1991. She last worked in 1994 for one month as a sales associate at a department store. On October 8, 2009, she applied for permanent-total-disability benefits. Following a hearing, a staff hearing officer awarded her compensation.

{¶ 7} The Bureau of Workers' Compensation, by then-administrator Marsha Ryan, requested that the commission reconsider its decision on the basis that the staff hearing officer had failed to consider evidence that Stevens had voluntarily abandoned the workforce and was therefore ineligible for permanent-total-disability benefits. Stevens opposed the request, stating that the staff hearing officer had questioned her for almost an hour at the hearing and was satisfied that she had not voluntarily left the workforce.

{¶ 8} The commission concluded that the issue of voluntary abandonment had been raised by the bureau administrator but not addressed in the staff hearing officer's order. The commission determined that this was a mistake of law that

authorized it to invoke its continuing jurisdiction and reconsider the matter. In doing so, the commission vacated the order of the staff hearing officer, and it then conducted a new hearing.

{¶ 9} After reviewing all the evidence, the commission voted two to one to deny permanent-total-disability benefits. The commission relied on the medical reports of James Hoover, M.D., and Ronald Bloomfield, M.D., as evidence that Stevens retained the ability to do unskilled sedentary work. The commission also analyzed Stevens's nonmedical disability factors, noting that her age of 67 was a "neutral to negative factor," that she was able to read, write, and do basic math, and that she had made no attempt at rehabilitation since 1994.

{¶ 10} The commission further noted that Stevens's lack of an extensive employment history—her total employment history amounted to less than one year of work, the last being in 1994, at age 51—was a lifestyle choice and not due to the industrial injury. Nevertheless, the commission concluded that Stevens had not voluntarily abandoned all employment at that time. In support of its decision, the commission relied on Stevens's testimony that she had been unable to perform her job as a sales associate because she could not stand for long periods of time and had anxiety using the cash register.

{¶ 11} Stevens filed a complaint in mandamus alleging that the commission abused its discretion when it exercised continuing jurisdiction and denied compensation for permanent total disability after finding that she had not abandoned all employment.

{¶ 12} On September 27, 2012, the court of appeals issued the first of two decisions in this case. In *Stevens I,* the court of appeals concluded that Stevens had not met her burden of proof for mandamus relief on the question of continuing jurisdiction. The court denied the writ on that issue and returned the matter to the magistrate to consider whether the commission had abused its discretion when it denied permanent-total-disability compensation. 10th Dist. Franklin No. 10AP–1147, 2012-Ohio-4408, 2012 WL 4497817.

{¶ 13} Instead, the magistrate determined that Stevens was deprived of due process of law when one of the three voting commissioners did not attend the hearing. Citing. *State ex rel. Sigler v. Lubrizol Corp.,* 10th Dist. No. 10AP–255, 2011-Ohio-4917, 2011 WL 4477244, the magistrate concluded that the commission should be ordered to conduct another hearing with all three commissioners present. In *Stevens II,* the court of appeals issued a writ of mandamus ordering the commission to do so. 2013-Ohio-2448, 2013 WL 2951956, ¶ 15.

{¶ 14} Stevens appealed as of right to this court. We referred the case to mediation and stayed briefing. After mediation was unsuccessful, the case was returned to the regular docket and briefing commenced.

{¶ 15} Stevens's appeal focuses on the following issues: the commission's exercise of continuing jurisdiction over her application for permanent-total-disability benefits and the extent of the court of appeals' order for due-process reasons. In its cross-appeal, the commission disputes the order to conduct a new hearing.

A. *Stevens I* Properly Focused on Stevens's Burden of Proof for Mandamus Relief

{¶ 16} Stevens argues that the commission should not have invoked its continuing jurisdiction to reconsider her application and that the court of appeals abused its discretion when it determined in *Stevens I* that she did not meet her burden of proof in mandamus.

{¶ 17} A party may request that the commission exercise continuing jurisdiction and reconsider an order issued by a staff hearing officer if there is a clear mistake of law in the order from which reconsideration is sought. R.C. 4123.52; Industrial Commission Resolution No. R08–1–01. Because voluntary abandonment of all employment is an affirmative defense and an issue critical to eligibility for compensation for permanent total disability, if evidence of voluntary abandonment has been brought into issue, a hearing officer's failure to address the issue constitutes a mistake of law. Ohio Adm.Code 4121–3–34(D)(1)(d); *State ex rel. Mackey v. Ohio Dept. of Edn.*, 130 Ohio St.3d 108, 2011-Ohio-4910, 955 N.E.2d 1005, ¶ 5.

{¶ 18} The record supports the court of appeal's conclusion that Stevens did not have a clear legal right to the relief she sought. First, Stevens presented no evidence in support of her claim but rather relied on the absence of a record. Although the record did not indicate exactly what occurred at the hearing, the commission made the express finding of fact that the administrator had raised the issue of voluntary abandonment at the hearing.

{¶ 19} Next, the bureau's brief in support of reconsideration identified facts in the record that would have supported the argument that Stevens voluntarily abandoned the workforce after 1994. Finally, Stevens acknowledged that the staff hearing officer thoroughly questioned her on these issues, stating, "Obviously he was satisfied that claimant did not voluntarily leave the workforce * * *."

{¶ 20} There is a presumption of regularity that attaches to commission hearings. *State ex rel. Druggan v. Indus. Comm.*, 85 Ohio St.3d 680, 710 N.E.2d 1131 (1999). Therefore, the burden was on Stevens to prove that the commission improperly exercised continuing jurisdiction. *Stevens I* presumed that the proceedings were conducted properly and denied the request for a writ regarding the exercise of continuing jurisdiction.

## B.  No Due–Process Violation

{¶ 21} While this case was pending, we reversed *Sigler*, holding that a claimant is not deprived of due process when a voting commissioner does not attend the hearing so long as the commissioner conducts a meaningful review of the evidence prior to casting a vote.  *State ex rel. Sigler v. Lubrizol Corp.*, 136 Ohio St.3d 298, 2013-Ohio-3686, 995 N.E.2d 204.  "A commissioner is not required to attend a permanent-total-disability hearing in order to participate in the decision."  *Id.* at ¶ 14.  So long as the decisionmaker, in some meaningful manner, considers and appraises all the evidence to justify the decision made, there is no due process violation.  *Id.* at ¶ 15, citing *State ex rel. Ormet Corp. v. Indus. Comm.*, 54 Ohio St.3d 102, 107, 561 N.E.2d 920 (1990).

{¶ 22} As in *Sigler*, the absent commissioner here stated that he had familiarized himself with the case: "I discussed this matter with Regina Miller who was present at the 07/15/2010 hearing.  Staff Hearing Officer Regina Miller summarized the testimony, evidence and arguments presented at hearing."  The commissioner then reviewed all the evidence in the claim file before voting.

{¶ 23} In her reply brief, Stevens concedes that this court's decision reversing *Sigler* requires reversal of the judgment in *Stevens II*.  We agree.

## C.  The Commission's Order Denying Permanent–Total–Disability Benefits Is Supported by Evidence

{¶ 24} Finally, we hold that the commission did not abuse its discretion when it denied Stevens's application for permanent-total-disability benefits.  Here, the commission relied on the medical evidence that Stevens had both the physical and intellectual capacity to work, based on the medical reports of James Hoover, M.D., and Ronald Bloomfield, M.D.  The commission also analyzed Stevens's nonmedical disability factors as required by *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167, 509 N.E.2d 946 (1987).  Thus, the commission's order, supported by evidence in the record, was not an abuse of discretion.

{¶ 25} The court below never reached this ultimate issue.  Nevertheless, because the evidence supports the commission's decision, a remand to the court of appeals that would allow that court to validate the commission's decision further is unnecessary.  *State ex rel. Paraskevopoulos v. Indus. Comm.*, 83 Ohio St.3d 189, 699 N.E.2d 72 (1998); *State ex rel. Shields v. Indus. Comm.*, 74 Ohio St.3d 264, 266, 658 N.E.2d 296 (1996).

{¶ 26} Consequently, we reverse the judgment of the court of appeals and deny the writ.

*Judgment reversed.*

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

———————

Portman & Foley, L.L.P., and Frederic A. Portman, for appellant and cross-appellee.

Michael DeWine, Attorney General, and John Smart, Assistant Attorney General, for appellee and cross-appellant.