THE STATE EX REL. OHIO BUILDING RESTORATION, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Ohio Bldg. Restoration, Inc.
v. Indus. Comm.* (1992), 64 Ohio St.3d 188.]

(No. 91–990—Submitted April 27, 1992—Decided July 15, 1992.)

*Bugbee & Conkle, Gregory B. Denny* and *Robert P. King,* for appellant.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Gerald H. Waterman,* for appellee Industrial Commission.

*Larrimer & Larrimer* and *David H. Swanson,* for appellee claimant.

*Per Curiam.* It is undisputed that the commission's boilerplate recitation of nonmedical disability factors in granting claimant permanent total disability compensation violates *State ex rel. Noll v. Indus. Comm., supra.* *Noll* noncompliance, however, does not automatically warrant a return of the cause for additional consideration and amended order. Where medical factors alone preclude sustained remunerative employment, the commission's failure to comply with *Noll* is excused. *State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood* (1991), 60 Ohio St.3d 38, 573 N.E.2d 60.

The appropriateness of further consideration pursuant to *Noll* is presently unreviewable. Since the record does not contain the relevant medical evidence, it is impossible to determine whether there was medical evidence of claimant's inability to engage in sustained remunerative employment. However, even if a return of the cause to the commission is technically unnecessary under *Haygood,* the appellate court's decision does not merit reversal.

Simple vacation of the commission's order granting permanent total disability compensation, however, does not satisfy appellant, who demands a new hearing. The asserted basis for this request is the participation of commissioner Mayfield, who was not present at the permanent total disability hearing and yet cast the tiebreaking vote in claimant's favor. Mayfield's voting participation is improper only if he did not *"in some meaningful manner,* consider evidence obtained at hearing."* (Emphasis *sic.*) *State ex rel. Ormet Corp. v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 107, 561 N.E.2d 920, 925. The commission claims that Mayfield engaged in meaningful review. Given the presumption of regularity that attaches to commission proceedings (*State ex rel. Rouch v. Eagle Tool & Machine Co.* [1986], 26 Ohio St.3d 197, 215, 26 OBR 289, 304, 498 N.E.2d 464, 478, Douglas, J., concurring), the commission's statement that it complied with *Ormet,* absent evidence to the contrary, should be accepted.

Nevertheless, as the commission and appellate court observed, Commissioners Smith and Bell who heard and voted on claimant's application for permanent total disability compensation have been replaced. Thus, if the new members can not meaningfully review the evidence adduced at the first hearing, a new hearing, by necessity, must take place. In either event, appellant's due process rights will be protected.

Accordingly, the appellate court's judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.