### In re LOVEJOY.

Court of Common Pleas of Ohio,
Wood County, Probate Division.

No. I–93–693 (946001).

Decided July 6, 1994.

*Lee Fisher*, Attorney General, and *Lisa A. Sotos*, Assistant Attorney General, for Ohio Department of Mental Retardation and Developmental Disabilities.

*Raymond C. Fischer*, Wood County Assistant Prosecuting Attorney, for Wood County Board of Mental Retardation and Developmental Disabilities.

*Craig F. Frederickson*, for Alvin Lovejoy, Sr. and Jeanne Lovejoy.

*Pamela A. Heringhaus*, guardian *ad litem* for Alvin Lovejoy, Jr.

---

ROBERT C. POLLEX, Judge.

This matter came on for consideration on the 5th day of May, 1994, pursuant to a motion for summary judgment filed by the Ohio Department of Mental Retardation and Developmental Disabilities. Appearing were Lisa A. Sotos, Assistant Attorney General, representing the Ohio Department of Mental Retardation and Developmental Disabilities ("ODMRDD"); Raymond C. Fischer, Assistant Wood County Prosecuting Attorney, representing the Wood County Board of Mental Retardation and Developmental Disabilities ("WCBMRDD"); Craig F. Frederickson, attorney for Alvin Lovejoy, Sr. and Jeanne Lovejoy, parents of Alvin Lovejoy, Jr.; and Pamela A. Heringhaus, guardian *ad litem* for Alvin Lovejoy, Jr. The court received memorandums and heard oral arguments on said motion.

### FINDINGS OF FACT

The court finds that, on October 19, 1993, a motion for temporary order of detention was filed by the WCBMRDD requesting that Alvin Lovejoy, Jr. be admitted to the Tiffin Developmental Center. The court further finds that a temporary order of detention was issued that same day and Alvin Lovejoy, Jr. was transported to the Tiffin Developmental Center on October 20, 1993. The court further finds that, effective October 29, 1993, an amendment to R.C. 5123.01 requires that only mentally retarded persons age eighteen or older can be institutionalized by court order (see R.C. 5123.01[L] ).

Accordingly, this court finds the motion for summary judgment filed by the ODMRDD to be not well taken and denies same. This court further finds that this matter shall proceed to final hearing pursuant to the provisions of R.C. 5123.71 through 5123.76.

14

### CONCLUSIONS OF LAW

The ODMRDD, by and through its counsel, Lisa Sotos, Assistant Attorney General, has moved the court for summary judgment on the basis that R.C. 5123.01(L) and R.C. 5123.71, when read together, preclude the court from issuing an involuntary commitment in this case. The Ohio legislature amended R.C. 5123.01(L) effective October 29, 1993 so as to permit institutionalization of mentally retarded persons age eighteen or older (previously there was no age requirement). The movant advances the proposition that summary judgment is appropriate because Alvin Lovejoy, Jr. is under the age of eighteen, and therefore is no longer subject to involuntary commitment pursuant to R.C. 5123.71 through 5123.76. Admittedly, there is no dispute as to the age of Alvin Lovejoy, Jr. as being under the age of eighteen. The parties do, however, dispute the applicability of the amended version of R.C. 5123.01(L), since it was effective on October 29, 1993, and this proceeding was initiated prior to that date.

This court did issue its initial commitment order (temporary order) on October 19, 1993, and the actual commitment began on October 20, 1993. Thus, the jurisdiction of this court was invoked prior to the effective date of the amended section. The court has, however, not proceeded to final hearing on this matter. The respondents to the motion point to the fact that the commitment order of this court was issued prior to the effective date of the amendment. Their argument is founded on the fact that a statute, when amended, does not affect the prior operation of the statute, or any prior action taken under the statute. See R.C. 1.58(A)(1). One Ohio court has stated that "an amendment shall not affect pending proceedings, and when the amendment relates to the remedy, such amendment shall not affect proceedings existing at the time of the amendment unless expressly provided in the act." *Wiegel v. Burcham* (1952), 94 Ohio App. 423, 425–426, 52 O.O. 132, 133, 115 N.E.2d 847, 848.

██ The court finds that the arguments of the ODMRDD are not well taken because the amendment to R.C. 5123.01(L) has no retroactive effect. A statute is presumed to be prospective in its operation unless expressly made retrospective, which was not done by the General Assembly in this case. (See R.C. 1.48.) The amendment cannot, as a matter of law, be applied retroactively. *Warren Cty. Bd. of Commrs. v. Lebanon* (1989), 43 Ohio St.3d 188, 540 N.E.2d 242.

██ When looking at the issue of retroactive application or effect, the court has looked at the issue of whether the temporary order of commitment or the final order of commitment is the relevant event for the applicability of the statute. In this case, the youth was involuntarily committed on October 20, 1993. The effective date of the amendment was October 29, 1993, and the final hearing has not yet occurred. If the court were to grant the summary judgment motion at

this time based on age, then the involuntary commitment would have to be vacated. If the commitment orders of all such persons currently committed were then vacated because of the statutory change effective October 29, 1993, there would be many cases which would have to be reopened in order to vacate the commitment orders. In effect, this would be a retroactive application of the statute. Accordingly, since Alvin Lovejoy, Jr. has already been committed (even though on a temporary basis) to the institution, to grant the motion for summary judgment would be to apply the statute retroactively. If a temporary order of detention had not been issued, and the case proceeded to final hearing on commitment, then the statute could be interpreted to have only a prospective application. However, since in this case a commitment was actually imposed resulting in actual institutionalization prior to the effective date of the amendment, the court finds the motion for summary judgment not to be well taken.

## CONSTITUTIONAL ISSUES

■ Even if the court were to find that the statutory effect was not retroactive, this court finds that the statute denies this youth equal protection of the laws, as guaranteed by both the United States and Ohio Constitutions. R.C. Chapter 5123 has provided a remedy and a right to institutionalization for those who are mentally retarded. Institutionalization is often thought of as a negative, and that one is subject to institutionalization to the detriment of one's freedom. However, with respect to individuals such as Alvin Lovejoy, Jr., it is a right to be cared for and maintained as opposed to a form of incarceration. If, at the final hearing the petitioners establish that Alvin Lovejoy, Jr. is in need of the services of institutional care, then to deny him those rights because of his age would be a denial of equal protection of the laws. The state, on its own, has previously established a procedure under R.C. 5123.71, effective April 9, 1981 under H.B. No. 900, to provide for institutionalization of persons who need care and services that cannot be provided in their homes, a group home, or some other facility. This remedy was available to all mentally retarded persons. Now, effective October 29, 1993, the state legislature has taken away the right of persons under the age of eighteen to have such care and maintenance provided by the state. To deny juveniles the rights to care and maintenance that are applicable to adults is, in effect, to deny them equal protection of the laws. If anything, juveniles should be provided more care and services than adults, due to their inability to care for themselves.

■ Section 2, Article I of the Ohio Constitution, after declaring that "All political power is inherent in the people," declares that "Government is instituted for their equal protection and benefit, * * * and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the

General Assembly." The Fourteenth Amendment to the Constitution of the United States declares that no state shall "deny to any person within its jurisdiction the equal protection of the laws." The courts have repeatedly referred to the Ohio Bill of Rights, as well as the provisions of the Fourteenth Amendment to the Constitution of the United States, as guaranteeing equal protection. *State ex. rel. Schwartz v. Ferris* (1895), 53 Ohio St. 314, 41 N.E. 579. The guarantee of equal protection of the laws means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances. *Roth v. Pub. Emp. Retirement Bd.* (1975), 44 Ohio App.2d 155, 71 O.O.2d 240, 336 N.E.2d 448; 17 Ohio Jurisprudence 3d (1980), Constitutional Law, Section 628. A statutory enactment must be fair and impartial so as not to have a discriminatory effect upon persons. In this case, the statute is unconstitutional on its face, as there can be no justification that mentally retarded persons who are minors (under age eighteen) are in any less need of services than those who are legally considered adults. If anything, the opposite conclusion would logically apply.

■ In determining whether the operation of a statute amounts to a denial of equal protection of the laws, a hardship or discriminatory impact may be produced by an exemption or exception from the legislation. 17 Ohio Jurisprudence 3d (1980), Constitutional Law, Section 640. In this case, the statutory change made effective October 29, 1993, merely excluded legal minors (persons under age eighteen) from the rights to institutional care. There being no showing that legal minors are less in need of such care or less entitled to such care, the amendment works an unconstitutional exemption or exception to legal process under this legislation.

Under the Age Discrimination in Employment Act, Sections 621 through 634, Title 29, U.S.Code, older adults are protected from discrimination due to their age. Although these are statutory civil rights which do not specifically provide for young persons, the statute does legislatively prohibit a denial of equal protection of the laws to older citizens. Logically, younger persons are entitled to the same freedom from discrimination guaranteed by the Fourteenth Amendment to the Constitution of the United States.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that the motion for summary judgment be, and hereby is, denied.

*Motion denied.*