THE STATE EX REL. SIGLER, APPELLEE, *v.* LUBRIZOL CORPORATION ET AL.,
APPELLANTS.

[Cite as *State ex rel. Sigler v. Lubrizol Corp.,* **136 Ohio St.3d 298,**
**2013-Ohio-3686.]**

*Workers' compensation—Mandamus—Hearing before commission—Due*
*process—Commissioner not required to attend hearing in order to vote on*
*matter being heard—Commissioner required only to make meaningful*
*review of evidence from hearing—Due process not violated when voting*
*commissioner was apprised of evidence and arguments by commission*
*employee who attended hearing and referred to handwritten notes taken*
*during hearing—Writ denied.*

(No. 2011-1902—Submitted June 4, 2013—Decided August 29, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 10AP-255,
2011-Ohio-4917.

_____

**Per Curiam**.

{¶ 1} Appellants, the Industrial Commission and the Lubrizol
Corporation, appeal the judgment of the court of appeals granting the request of
appellee, Terry Sigler, for a writ of mandamus requiring the commission to vacate
its order that overturned a staff hearing officer's award of permanent-total-
disability compensation.

{¶ 2} Appellants object to the court of appeals' determination that the
commission's hearing did not comport with the due-process standards set forth in
*State ex rel. Ormet Corp. v. Indus. Comm.*, 54 Ohio St.3d 102, 561 N.E.2d 920
(1990). The court so held because one of the two commissioners voting to
overturn had not attended the hearing, but had relied on an oral summary of the

evidence from a commission hearing officer who had attended the hearing and taken handwritten notes.

{¶ 3} We agree with the dissenting opinion from the appellate court that Sigler failed to demonstrate that the commission's voting procedures violated due process. We reverse the judgment of the court of appeals and deny the writ.

{¶ 4} Terry Sigler was employed by Lubrizol as a maintenance mechanic when he was injured on September 21, 2001. His workers' compensation claim was allowed for acute myofascial strain lumbar, bulging discs, and radiculopathy.

{¶ 5} On April 13, 2006, Sigler applied for permanent-total-disability compensation. A staff hearing officer approved the award, but the court of appeals ordered the commission to reconsider Sigler's application. *State ex rel. Lubrizol v. Indus. Comm.*, 10th Dist. Franklin No. 07AP-204, 2008-Ohio-463. After a hearing on November 5, 2008, a staff hearing officer again awarded Sigler permanent-total-disability compensation.

{¶ 6} Lubrizol filed a motion for reconsideration before the three-member commission. Following a hearing, the commission issued an order dated August 12, 2009, in which it granted the motion for reconsideration to correct "a clear mistake of law," vacated the award, and denied Sigler's application. Commissioner Kevin R. Abrams did not attend the hearing. On the order, above the signature of Commissioner Abrams, the order states:

> On 08/12/2009, I discussed this matter with Bob Cromley, who was present at the 07/28/09 hearing. Mr. Cromley summarized the testimony, evidence and arguments presented at [the] hearing. After this discussion and a review of all the evidence contained within the claim file, I vote to find jurisdiction and grant the Employer's request for reconsideration, filed 12/26/2008. I further vote to vacate the Staff Hearing Officer

order issued 11/20/2008, and to deny the Injured Worker's IC-2 Application for Permanent Total Disability.

**{¶ 7}** Sigler filed a complaint for a writ of mandamus in the Tenth District Court of Appeals, alleging that the commission had abused its discretion when it issued the reconsideration order because

the decision was made by a Commissioner who was not present at the hearing, who did not hear the evidence, and who relied upon a recitation of the evidence by an individual who was present, but who did not record the proceedings nor was a court reporter present to transcribe the arguments or the testimony.

**{¶ 8}** A magistrate permitted the parties to file affidavits to clarify what had occurred at the hearing. The commission submitted the affidavit of Bob Cromley, who attested that he has been employed by the commission as a hearing officer since 1985 and that at times, he assisted the commissioners at hearings. Cromley further attested that he attended the hearing on July 28, 2009, took handwritten notes, and used those notes as a reference when he later met with Commissioner Abrams on August 12, 2009, to discuss the case. Cromley stated that he "summarized the testimony, evidence and arguments from the hearing," including the testimony of Sigler.

**{¶ 9}** Glen Richardson, Sigler's attorney, submitted an affidavit in which he stated that Sigler's testimony "included a recitation of his complaints and symptoms, his efforts at attempting to go through vocational rehabilitation and his anticipated second surgical procedure on his back."

**{¶ 10}** Michael J. Spisak, Lubrizol's counsel, attested that "the testimony offered by Mr. Sigler on July 28, 2009, was consistent with, and was substantially similar to, the testimony he offered" at previous hearings.

**{¶ 11}** The magistrate concluded that Sigler had failed to prove that he was deprived of due process when Abrams reviewed the claim file and was orally apprised of the evidence and testimony by Cromley, who used his handwritten notes as a reference. The magistrate recommended that the court deny the writ.

**{¶ 12}** Sigler filed objections to the magistrate's report. A divided court of appeals concluded that Abrams was unable to evaluate the credibility of Sigler's testimony in the absence of a complete record of the testimony presented. The court sustained Sigler's objections, granted the writ of mandamus, and ordered the commission to rehear Sigler's application. *State ex rel. Sigler v. Lubrizol Corp.,* 10th Dist. Franklin No. 10AP-255, 2011-Ohio-4917.

**{¶ 13}** This cause is now before the court on an appeal as of right.

**{¶ 14}** A commissioner is not required to attend a permanent-total-disability hearing in order to participate in the decision. *State ex rel. Dayton Walther Corp. v. Indus. Comm.*, 71 Ohio St.3d 105, 107, 642 N.E.2d 349 (1994). In addition, reviewing a transcript is not the only method by which an absentee commissioner can review the evidence in order to satisfy a party's due process rights. *State ex rel. Youghiogheny & Ohio Coal Co. v. Indus. Comm.*, 65 Ohio St.3d 351, 353, 603 N.E.2d 1026 (1992). However, a commissioner's failure to consider *any* evidence from the hearing destroys the presumption of regularity that attaches to the administrative proceeding and violates the claimant's due process rights. *State ex rel. Ormet Corp. v. Indus. Comm.*, 54 Ohio St.3d at 107, 561 N.E.2d 920.

**{¶ 15}** In *Ormet*, we held that the due process requirement of a full and fair hearing means that the decisionmaker must, *in some meaningful manner*, consider and appraise all the evidence to justify the decision. *Id*. The method of

4

review is secondary. *Id*. at 104-105. For instance, we approved the use of subordinates to analyze the evidence and prepare a summary for the absent voting member to use to consider and appraise the evidence presented. *Id.* at 105-106. In *State ex rel. Ohio Bell Tel. Co. v. Indus. Comm*., 68 Ohio St.3d 329, 626 N.E.2d 678 (1994), we held that there was no due process violation when the absent commissioner had an audiotape of the hearing, a summary of the hearing prepared by a legal advisor, and additional discussion with the other commissioners who were present at the hearing.

{¶ 16} Here, Abrams stated that he had reviewed the claim file and talked with Cromley, a longtime commission hearing officer, who summarized the hearing testimony, evidence, and arguments for him. Cromley's affidavit supported Abrams's statement that Cromley orally summarized the proceeding, using as a reference the handwritten notes he took during the hearing.

{¶ 17} The affidavits from counsel indicated that Sigler's testimony was not extensive or complicated. The claim file contained transcripts from earlier hearings in which Sigler had testified. Sigler presented no evidence to contradict these statements, but merely questioned the lack of a hearing transcript or written summary of the evidence.

{¶ 18} The court of appeals cited *Ormet* and *Ohio Bell* as controlling authority, yet the court did not discuss what Abrams had done and whether his review met the *Ormet* standard. Rather, the appellate court offered what it believed was the better practice for the commission to follow:

> With today's technological capabilities, there is no reason the commission cannot have a complete record, even a video record, of the testimony before it. An absent commissioner could then make the appropriate decision without risking a violation of Due Process of Law.

2011-Ohio-4917, ¶ 13.

{¶ 19} The dissent acknowledged that the best practice may be for a voting commissioner to either attend the hearing or to review a transcript or other verbatim recording of the proceeding; however, that practice is not required by law. *Id*. at ¶ 15 (Sadler, J., dissenting). Instead, the dissent noted,

> The record indicates that Commissioner Abrams considered the "testimony, evidence and arguments" from the hearing through Cromley's post-hearing summary; however, the majority failed to explain how that summary did not constitute "meaningful" review under *Ormet.* * * *
>
> Because relator has presented no evidence to contradict the statements of Commissioner Abrams and Cromley, I find that relator failed to sustain his burden of showing that the commission's voting procedure violated due process under the standard articulated in *Ormet*.

*Id*. at ¶ 22- 23 (Sadler, J., dissenting).

{¶ 20} There is a presumption of regularity that attaches to commission hearings. *State ex rel. Ohio Bell Tel. Co.*, 68 Ohio St.3d at 333, 626 N.E.2d 678; *State ex rel. Ohio Bldg. Restoration, Inc. v. Indus. Comm*., 64 Ohio St.3d 188, 189, 593 N.E.2d 1388 (1992). Sigler challenged that presumption when he challenged the regularity of the voting procedure, raising due process concerns. Under these circumstances, the burden was on Sigler to prove noncompliance with *Ormet*. *Ohio Bell* at 333.

{¶ 21} We agree with the dissenting opinion that Sigler failed to prove that he was deprived of due process when Abrams reviewed the claim file,

including Sigler's testimony from prior hearings, and was orally apprised of the evidence by Cromley, who had attended the hearing and who used his handwritten notes as a reference in his discussion with Abrams.

{¶ 22} Consequently, we reverse the judgment of the court of appeals and deny the writ.

Judgment reversed<br>and writ denied.

O'CONNOR, C.J., and PFEIFER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL and LANZINGER, JJ., dissent and would affirm the judgment of the court of appeals.

_____

Bentoff & Duber Co., L.P.A., and Glen Richardson, for appellee.

Michael DeWine, Attorney General, and Colleen C. Erdman and Patsy A. Thomas, Assistant Attorneys General, for appellant Industrial Commission.

Weston Hurd, L.L.P., and Michael J. Spisak, for appellant Lubrizol Corporation.

_____