**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Evert v. Indus. Comm.,* **Slip Opinion No. 2015-Ohio-120.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-120

THE STATE EX REL. EVERT, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Evert v. Indus. Comm.,* **Slip Opinion No. 2015-Ohio-120.]**

*Workers' compensation—Court of appeals' judgment reversed on the authority of* State ex rel. Sigler v. Lubrizol Corp.*—Commissioner not required to attend hearing in order to vote on matter being heard—Cause remanded for review of the merits.*

(No. 2012-1178—Submitted January 14, 2015—Decided January 20, 2015.)

APPEAL from the Court of Appeals for Franklin County,

No. 11AP-465, 2012-Ohio-2404.

_____

**Per Curiam**.

**{¶ 1}** The Industrial Commission of Ohio and the administrator of the Bureau of Workers' Compensation appeal the judgment of the Tenth District Court of Appeals granting a limited writ of mandamus ordering the commission to hold another hearing on the relator's request for reconsideration with all three

commissioners present or to hold a hearing at which the testimony given is either transcribed or recorded in the event a commissioner is absent.  In issuing its order, the court of appeals relied on its earlier decision in *State ex rel. Sigler v. Lubrizol Corp.*, 10th Dist. Franklin No. 10AP-255, 2011-Ohio-4917.

{¶ 2}   The parties agree that because this court in *State ex rel. Sigler v. Lubrizol Corp.*, 136 Ohio St.3d 298, 2013-Ohio-3686, 995 N.E.2d 204, subsequently reversed the Tenth District's decision that was found dispositive in this case, the judgment of the court of appeals here should be reversed.  We agree and accordingly reverse the judgment of the court of appeals and remand the cause to that court for additional consideration.

{¶ 3}   Charles W. Evert died on May 28, 2006, as a result of complications from surgery related to an industrial injury that he had sustained in 2004.  On July 10, 2007, appellant Industrial Commission allowed the claim of appellee Donna Evert, his surviving spouse, for death benefits under R.C. 4123.59.

{¶ 4}   On July 19, 2007, Donna Evert filed a motion with the Bureau of Workers' Compensation requesting an award for the decedent's loss of use of his arms and legs prior to his death.  Upon the bureau's referral to the commission, a staff hearing officer denied the motion because it had not been filed within one year of the date of death as required by R.C. 4123.60.  The commission refused further appeal of the issue in early 2008.

{¶ 5}   More than a year later, on April 21, 2009, Evert filed a motion asking the commission to exercise continuing jurisdiction to rehear the issue based on new and changed circumstances and an alleged mistake of law regarding the limitation period for filing a scheduled-loss claim.[1]  On March 13, 2010, a staff hearing officer denied the motion.

---

[1] R.C. 4123.52 provides the Industrial Commission with continuing jurisdiction over each case to modify or change former findings or orders "as, in its opinion is justified."

**{¶ 6}** Evert asked the commission to reconsider the March 13, 2010 decision. The commission held a hearing on the matter on October 5, 2010, with two of the three commissioners attending. By a vote of two-to-one, the commission determined that Evert had failed to demonstrate that sufficient grounds existed to justify the commission's exercise of continuing jurisdiction, and it denied reconsideration. On the order, above the signature of Commissioner Jodie M. Taylor, who did not attend the hearing, the following statement appears:

> On 10/25/2010, I discussed this matter with Alan Miller, Staff Hearing Officer, who was present at the 10/05/2010 hearing. Alan Miller summarized the testimony and arguments presented by the Spouse/Dependent's representative, the Employer's representative and the Bureau of Workers' Compensation's representative at hearing. After this discussion and review of all the evidence contained within the claim file, I vote to deny the Spouse/Dependent's request for reconsideration as I find that there is no persuasive evidence to support a finding of a requisite reason to invoke continuing jurisdiction in this matter.

**{¶ 7}** On May 20, 2011, Evert filed a complaint in mandamus alleging that the commission abused its discretion when it refused to exercise continuing jurisdiction and reconsider its denial of scheduled-loss benefits. In one of her briefs, Evert further alleged that she had been denied due process of law when Commissioner Taylor voted on the motion for reconsideration despite not attending the hearing, citing as authority the Tenth District's then-recent decision in *State ex rel. Sigler v. Lubrizol Corp.*, 10th Dist. Franklin No. 10AP-255, 2011-Ohio-4917.

**{¶ 8}** The court of appeals agreed that *Sigler* was dispositive. The court issued a limited writ of mandamus vacating the commission's order and compelling the commission to conduct a new hearing before all commission members or a hearing at which a record is kept. Consequently, the court did not review Evert's arguments on the merits challenging the commission's denial of a scheduled-loss award.

**{¶ 9}** Evert appealed as of right to this court. We referred the case to mediation and stayed briefing. After mediation was unsuccessful, the case was returned to the regular docket and briefing commenced.

**{¶ 10}** The narrow issue before us is whether we must reverse the judgment of the court of appeals in this case because the court relied on its decision in *Sigler* that was subsequently reversed by this court in *State ex rel. Sigler v. Lubrizol Corp.*, 136 Ohio St.3d 298, 2013-Ohio-3686, 995 N.E.2d 204. Our answer is yes, as advocated by both appellants and appellee.

**{¶ 11}** Like Evert, Sigler alleged that he was deprived of due process when one of the three voting commissioners did not attend the hearing that was held on a motion for reconsideration. The court of appeals in *Sigler* determined that the absent commissioner could not evaluate the credibility of witness testimony in the absence of a complete record, and the court therefore ordered the commission to rehear the matter and make a complete record that would be available to an absent commissioner to review.

**{¶ 12}** This court reversed. We stated that "the due process requirement of a full and fair hearing means that the decisionmaker must, *in some meaningful manner*, consider and appraise all the evidence to justify the decision." (Emphasis sic.) 136 Ohio St.3d 298, 2013-Ohio-3686, 995 N.E.2d 204, at ¶ 15, citing *State ex rel. Ormet Corp. v. Indus. Comm.*, 54 Ohio St.3d 102, 107, 561 N.E.2d 920 (1990). We also stated that "[t]he method of the review is secondary." *Id.* In *Sigler*, the absent commissioner stated that he had reviewed

4

the claim file and had talked with a longtime commission hearing officer who summarized the testimony, evidence, and arguments for him. *Id*. at ¶ 16. Acknowledging that a presumption of regularity attaches to commission hearings, *State ex rel. Ohio Bell Tel. Co. v. Indus. Comm.*, 68 Ohio St.3d 329, 333, 626 N.E.2d 678 (1994), we held that Sigler failed to prove that he was deprived of due process when that commissioner voted despite not attending the hearing. 136 Ohio St.3d 298, 2013-Ohio-3686, 995 N.E.2d 204, at ¶ 20-21.

{¶ 13} In the present case, the commission and the bureau advocate that this court's opinion in *Sigler* is dispositive and supports reversal. Furthermore, they maintain that this case involves a perceived mistake of law that is purely a legal issue, unlike *Sigler*, in which the commissioners had to evaluate the credibility of witness testimony.

{¶ 14} Evert agrees that *Sigler* is dispositive and additionally maintains that we should remand the case to the court of appeals for a final disposition on the underlying merits of the action.

{¶ 15} As had the absent commissioner in *Sigler*, Commissioner Taylor stated that she had discussed the matter with an experienced staff hearing officer who had been present at the hearing and who summarized the testimony and arguments presented. In addition, Commissioner Taylor stated that she had reviewed the entire claim file. Thus, in accord with our opinion in *Sigler*, she conducted a meaningful review of the matter sufficient to satisfy due-process concerns.

{¶ 16} We therefore reverse the judgment of the court of appeals and remand with instructions to consider the merits of Evert's complaint.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Donaldson Law Offices, L.P.A., John D. Donaldson, and Joshua A. Dunkle, for appellee.

Michael DeWine, Attorney General, and Colleen C. Erdman, Assistant Attorney General, for appellants.

_____