[Cite as *In re A.H.*, 2021-Ohio-4055.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

IN THE MATTER OF:

A.H., A.H.2., AND A.H.3.,

DEPENDENT CHILDREN

CASE NO. 2019-G-0222

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2014 JF 000364

## O P I N I O N

Decided: November 15, 2021
Judgment: Affirmed

*Katie E. Christman* and *Laura M. Wellen*, Thrasher, Dinsmore & Dolan, LPA, 100 Seventh Avenue, Suite 150, Chardon, OH 44024 (For Appellant, Kenneth Herrera).

*James R. Flaiz*, Geauga County Prosecutor, and *Melissa J. Lee*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, 3rd Floor, Chardon, OH 44024 (For Appellee, Geauga County Child Support Enforcement Agency).

*Molly Mullaly*, pro se, 15989 Mill Street, Middlefield, OH 44062 (Appellee).


MATT LYNCH, J.

{¶1} Appellant, Kenneth B. Herrera, appeals the judgment of the Geauga County Court of Common Pleas, Juvenile Division, modifying the amount of support he was obligated to pay to appellee, Molly Ann Mullaly, by adopting the recommendation of appellee, Geauga County Child Support Enforcement Division. For the following reasons, we affirm the judgment of the court below.

{¶2} On July 9, 2015, the parties entered into an Agreed Judgment Entry (Child

Support and Medical Support) and Shared Parenting with respect to two minor children. As to child support, the juvenile court ordered Herrera, as obligor, to pay $500.00 per month for both children. This figure represented a downward deviation from the annual child support obligation of $8,450.02 [or $704.17 per month] as determined by the applicable support worksheet. In support of the deviation, the court made the following finding: "Pursuant to R.C. 3119.22, the actual annual obligation would be unjust and inappropriate and would not be in the best interest of the minor child(ren) for the following reason(s): Father has extended and considerably more possession time with the parties['] minor children."

{¶3} On January 28, 2019, Herrera filed a Motion to Modify Shared Parenting Plan and a Motion to Modify Child Support, occasioned by the birth of the parties' third child.

{¶4} On February 6, 2019, the Child Support Enforcement Division filed a Recommendation, in which it recommended that Herrera's support obligation be modified to $298.48 per month per child [or $895.44 for all three children].

{¶5} On March 29, April 23, and June 5, 2019, hearings were held on the Motions to Modify Shared Parenting Plan and Child Support.

{¶6} On June 17, 2019, the juvenile court ruled that it had "heard father's motion to modify the shared parenting plan" and that the third child "is hereby added to the shared parenting plan." The court further ruled that it had "heard father's motion for child support" but that "[t]he motion for child support will be addressed in a separate entry."

{¶7} On July 23, 2019, the juvenile court modified the child support order by adopting the recommendation of the Child Support Enforcement Division that Herrera pay

2

$298.48 per month per child.

{¶8} On August 22, 2019, Herrera filed a Notice of Appeal. On appeal, he raises the following assignments of error:

{¶9} "[1.] The trial court erred when it deprived Mr. Herrera of his due process rights by not conducting an evidentiary hearing on his motion to modify child support."

{¶10} "[2.] The trial court erred by not carrying forward the deviation for parenting time that had been previously agreed to by the parties."

{¶11} "[3.] Alternatively, the trial court erred by not complying with the new child support statutes in ordering the amount of child support recommended by the Geauga County Child Support Enforcement Division and not granting the deviation for parenting time required by R.C. 3119.051, the discretionary deviation under R.C. 3119.231, and by failing to state its reasons for not granting any deviation."

{¶12} In the first assignment of error, Herrera argues that the juvenile court deprived him of his due process rights by not conducting an evidentiary hearing on his Motion to Modify Child Support.

{¶13} "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (the "root requirement" of due process is "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest"). "The formality and procedural requisites for the hearing can vary,

3

depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Boddie* at 378; *State ex rel. Sigler v. Lubrizol Corp.*, 136 Ohio St.3d 298, 2013-Ohio-3686, 995 N.E.2d 204, ¶ 15 ("the due process requirement of a full and fair hearing means that the decisionmaker must, *in some meaningful manner*, consider and appraise all the evidence to justify the decision" while "[t]he method of review is secondary").

{¶14} "The due process rights to notice and hearing prior to a civil judgment are subject to waiver." *D. H. Overmyer Co., Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 185, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); *Boddie* at 378-379 ("the hearing required by due process is subject to waiver").

{¶15} "In general, the decision to conduct an evidentiary hearing is a matter within the discretion of the trial court." *Kalbaugh v. Kalbaugh*, 9th Dist. Summit Nos. 29184, 29185, 29219, and 29328, 2020-Ohio-3873, ¶ 24 (cases cited). Moreover, the failure to hold an evidentiary hearing may be deemed harmless error when the complaining party is not prejudiced. *Brown v. Brown*, 2014-Ohio-2402, 14 N.E.3d 404, ¶ 51 (8th Dist.) (the "failure to conduct the hearing [before modifying a support obligation] does not constitute reversible error, unless the appellant demonstrates prejudice").

{¶16} Herrera argues that the trial court failed to conduct an evidentiary hearing on his Motion to Modify Child Support and thus deprived him of "any opportunity for evidence to be presented." Specifically, "[w]hile there was some reference to the amount of parenting time provided to Mr. Herrera under the shared parenting plan, Mr. Herrera was not given an opportunity to be heard at all on this issue." Moreover, "[b]y not conducting an evidentiary hearing, the court essentially delegated its duty to determine

4

child support to the [Child Support Enforcement Division]." Appellant's brief at 6.

{¶17} We find no deprivation of due process. It is certainly no violation of due process not to hold an evidentiary hearing when there are no factual issues to be determined and Herrera has not identified any such issue. Additionally, Herrera never demanded an evidentiary hearing of the juvenile court or otherwise objected to the court's procedure in addressing the Motion to Modify Support. Assuming, arguendo, that there was some deprivation of the opportunity to be heard, Herrera has not demonstrated prejudice as a result thereof.

{¶18} We will first address Herrera's claim that the juvenile court improperly delegated the determination of child support to the Child Support Enforcement Division. "In any action in which a court child support order is issued or modified * * *, **the court or agency** shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code." (Emphasis added.) Former R.C. 3119.02.[1] Moreover: "In any action or proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order or at any time a child support enforcement agency determines the amount of child support that will be paid pursuant to an administrative child support order, the amount of child support that would be payable under a child support order, as calculated pursuant to the basic child support schedule and applicable worksheet through the line establishing the

---

[1]. Under current R.C. 3119.02: "In any action in which a court child support order is issued or modified * * *, **the court or agency** shall calculate the amount of the parents' child support and cash medical support in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Chapter 3119. of the Revised Code." (Emphasis added.)

5

actual annual obligation, is rebuttably presumed to be the correct amount of child support due."  R.C. 3119.03.

{¶19}  We do not find the case cited by Herrera for the proposition that a court may not delegate its duty to determine the amount of support payable to an enforcement agency to be persuasive.  In *In re Hallmon*, 5th Dist. Guernsey No. 07 CA 45, 2008-Ohio-5454, the court relied on R.C. 3119.79(A) which provides that "the court shall recalculate the amount of support that would be required to be paid under the child support order" to determine whether a difference of ten per cent exists.  *Id.* at ¶ 10, citing R.C. 3119.79(A).  The modification in the present case was not occasioned by a change in circumstances representing a difference of ten per cent in the amount of support owed, but by the birth of a new child for whom no support order at all was in place.  Additionally, the lower court's delegation to the child support enforcement agency in *Hallmon* "effectively precluded Appellant from presenting evidence in support of the modification which is to be considered by the trial court in its recalculation of support."  *Id.* at ¶ 11.  In the present case, as will be shown below, Herrera was not precluded from presenting evidence in support of the support modification.

{¶20}  Herrera's Motion to Modify Child Support was the subject of three hearings.  The first, held on March 29, was scheduled as a pretrial.  The other two, held on April 23 and June 5, 2019, were simply denominated as hearings.  Only the third hearing, the June 5 hearing, has been transcribed.

{¶21}  At the June 5 hearing, counsel for Herrera argued in support of both the Motion to Modify Child Support and the Motion to Modify Shared Parenting Plan based on the birth of a third child to the parties.

6

> I've presented * * * a parenting plan that is literally a photocopy of their prior parenting plan adding their third child and making an allocation as to the tax dependency as to that third child. * * * To the best of my knowledge, the parenting time is working out for them, and really, my client's underlying motion to modify the shared parenting plan was simply to add that third child.
>
> As to the child support motion, Your Honor, as we talked about the last time we were here, ***I will defer to the Court to which way is the most appropriate to run the child support***. In my mind, we can either carry forward the deviation from the prior support order or we can use the new guidelines which has some sort of built-in deviations that address some of the same factors that arise from the deviation from the old child support order.

(Emphasis added.) Notably, appellant's counsel stated that she had previously, i.e., "last time," presumably at the April 23 hearing, indicated that she would defer to the court on the issue of child support. Although Herrera has failed to have the April 23 hearing transcribed, counsel's statement would appear to have absolved the juvenile court from any obligation to receive evidence regarding the calculation of support at the June 5 hearing.

{¶22} Also, at the June 5 hearing, the parties stipulated to the modifications to the shared parenting plan, but not to a new support order. With respect to support, the Child Support Enforcement Division determined the appellant's support obligation to be about $895 per month[2], without the downward deviation that existed under the old order to adjust for Herrera's extended parenting time under the plan. Herrera's counsel did not take exception to the Child Support Enforcement Division's calculation of support but, rather, argued for the application of the deviation under the prior support order. She stated:

---

[2]. The figure of $845 is given in the transcript.

[I]f I just carry forward the old deviation, that results in a child support figure of $550 per month. My statement to both my client and Mom, who is unrepresented, is that they can leave it to you, leave it to CSEA, pick a number out of the air that works for their family.

{¶23} The juvenile judge asked counsel directly: "what do you think?" Counsel replied that Herrera is "comfortable with paying $6[00] or $650 a month."

{¶24} A fair appraisal of the June 5 hearing demonstrates that Herrera did not raise any issue for the court's consideration requiring an evidentiary hearing and did not otherwise request such a hearing on the Motion to Modify Support. The only consideration sought in the determination of a new support order was a downward deviation for Herrera's extended parenting time which was already reflected in the shared parenting plan. Apart from the deviation, counsel willingly deferred to the court's judgment as to how child support should be "run."

{¶25} At the conclusion of the hearing, the juvenile court judge stated that he would "add the third child to the shared parenting plan" and "deal with child support separately." Herrera raised no objection and no further hearings were scheduled. In a written Entry dated June 17, the court ordered the parties' third child added to the shared parenting plan. In the same Entry, the court stated that it had "heard father's motion for child support" and that it would "be addressed in a separate entry." Again, Herrera raised no objection although it was over a month before the separate Entry was issued on July 23, 2019. The court's statements clearly indicated that a ruling on the Motion to Modify Support would be forthcoming without further hearing. Herrera's acquiescence effectively waived his right to demand an evidentiary hearing.

{¶26} On appeal, Herrera makes the argument that he was not afforded the opportunity to be heard on the issue of parenting time. Nothing in the foregoing review

8

of the proceedings substantiates this otherwise unsupported claim. Nor was the amount of Herrera's parenting time a factual issue in dispute. The amount of his parenting time is fixed by the shared parenting plan and there is no indication that the actual parenting time is at variance with the plan. The only issue was whether this parenting time entitled Herrera to a downward deviation and, if so, by how much. This is how Herrera's own counsel framed the issue. As such, the propriety of a deviation became a legal question which did not require an evidentiary hearing.

{¶27} The first assignment of error is without merit.

{¶28} In the second assignment of error, Herrera claims the juvenile court erred by not incorporating the downward deviation from the prior support order into the new support order.

{¶29} A trial court's decision regarding whether to order a deviation from the child support guidelines is reviewed for an abuse of discretion. *In re Palmer*, 11th Dist. Lake No. 2011-L-149, 2012-Ohio-2441, ¶ 27; *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989) ("[u]pon a review of the statute governing child support * * * as well as the Child Support Guidelines * * *, we believe that common sense and fundamental fairness compel the application of the 'abuse of discretion' standard in reviewing matters concerning child support").

{¶30} "The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet

9

would be unjust or inappropriate and therefore not in the best interest of the child." R.C. 3119.22. The factors that a "court may consider" include but are not limited to: "[e]xtended parenting time"; "[t]he relative financial resources" of each parent; and "[t]he standard of living and circumstances of each parent." R.C. 3119.23(C), (E), and (K).

{¶31} The Ohio Supreme Court has held that there is no "automatic credit in child support obligations under a shared parenting order." *Pauly v. Pauly*, 80 Ohio St.3d 386, 686 N.E.2d 1108 (1997), syllabus. "However, a trial court may deviate from the amount of child support calculated * * * if the court finds that the amount of child support would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child." *Id.* "The party requesting a deviation from the basic child support schedule has the evidentiary burden of demonstrating that the award as calculated is unjust or inappropriate and would not be in the best interest of the child." *Chittock v. Chittock*, 11th Dist. Ashtabula No. 97-A-0042, 1998 WL 258411, *6; *Michael v. Michael*, 9th Dist. Wayne No. 20AP0010, 2021-Ohio-992, ¶ 36 ("[t]he party seeking a deviation bears the burden of overcoming the rebuttable presumption established by R.C. 3119.03"). This court has observed that there is "no authority for *requiring* a trial court to deviate from the child support guidelines merely because a deviation would be permissible, or even desirable." (Citations omitted.) *Kosovich v. Kosovich*, 11th Dist. Lake No. 2004-L-075, 2005-Ohio-4774, ¶ 17.

{¶32} On appeal, Herrera argues: "Under the prior and current shared parenting plan, Mr. Herrera enjoys 160 overnights with his children. The parties agreed to modify the prior shared parenting plan simply to add the third child to it, not to alter any of the agreed-upon parenting time. * * * As the original rationale for the deviation still exists, to

10

wit: extended parenting time, there is no reason for the trial court to disregard the prior agreement of the parties, particularly when neither of the parties advocated this position." Appellant's brief at 6-7.

{¶33} Herrera's argument focuses on a single factor, extended parenting time, and the parties' prior agreement to a downward deviation. The suggestion that Mullaly tacitly agreed to the deviation carries no weight. Unlike the changes to the shared parenting plan, Mullaly did not agree to stipulate to a downward deviation. When asked for her "thoughts" as to the amount of support to be ordered, Mullaly complained of childcare expenses since moving out of her mother's home. Most significantly, Herrera made no argument as to why a downward deviation would be in the best interest of the children. *Michael* at ¶ 38.

{¶34} Other factors and circumstances in this case support the juvenile court's decision not to order a downward deviation such that it cannot be deemed an abuse of discretion. Mullaly's income is half of Herrera's income. Mullaly previously resided with her mother but, for a variety of reasons, had to establish a new residence for herself and her children. Thus, she has additional expenses (including a third child) that she did not have at the time of the prior agreement.

{¶35} In responding to Herrera's position, the following explanation for reversing a trial court's decision to grant a deviation is instructive:

> Although extended parenting time is one factor that the trial court must consider in evaluating whether guideline support is unjust, inappropriate, and not in the children's best interest, we conclude that the trial court's reasoning was flawed. Instead of considering extended parenting time in conjunction with the other enumerated factors, the trial court focused upon the parties' *prior agreement to deviate*, in essence finding that because the parties had a prior agreement to deviate that was purportedly based upon equalized

11

parenting time, it should hold the parties to their agreement. However, in focusing on the parties' prior agreement and prior circumstances, the trial court failed to consider the parties' *present* circumstances in conjunction with the statutory factors.

*Irish v. Irish*, 9th Dist. Lorain Nos. 09CA009577 and 09CA009578, 2010-Ohio-403, ¶ 16.

{¶36} The second assignment of error is without merit.

{¶37} In the third assignment of error, Herrera argues the juvenile court erred by not applying recent enactments/amendments to the child support statutes in determining whether he was entitled to deviation. Herrera cites two statutes in particular. Pursuant to R.C. 3119.051(A): "a court or child support enforcement agency calculating the amount to be paid under a child support order shall reduce by ten per cent the amount of the annual individual support obligation for the parent or parents when a court has issued or is issuing a court-ordered parenting time order that equals or exceeds ninety overnights per year." Pursuant to R.C. 3119.231(A), "the court shall consider whether to grant a deviation pursuant to section 3119.22 of the Revised Code" when court-ordered parenting time exceeds ninety overnights per year "in addition to any adjustments provided under division (A) of section 3119.051 of the Revised Code." If the court does not grant an additional deviation under R.C. 3119.22, "it shall specify in the order the facts that are the basis for the court's decision." R.C. 3119.231(B).

{¶38} The amendments to R.C. Chapter 3119 were enacted by 2018 Am.Sub.H.B. 366 and became effective on March 28, 2019. *A.S. v. J.W.*, 157 Ohio St.3d 47, 2019-Ohio-2473, 131 N.E.3d 44, ¶ 2, fn. 1 ("the bill amended, enacted, or repealed roughly 30 sections of this chapter"). Thus, the statutory changes became effective after Herrera filed his Motion to Modify on January 28, 2019, and after the Child Support Enforcement Division recalculated his support obligation and filed its Recommendation on February 6,

12

2019, but before the juvenile court's ruling on the Motion on July 23, 2019.

{¶39} On appeal, Herrera argues that, "if the new child support laws are applied to this matter, the court erred by not complying with R.C. 3119.051 and R.C. 3119.231 in that it failed to grant a deviation for greater than 90 overnights, failed to consider an additional deviation for the extended parenting time, and failed to specify its reasons for not granting any deviation." Appellant's brief at 10. Herrera does not, however, present any argument as to why the statutory changes should apply.[3] Mullaly argues on appeal, without citation to authority, that the juvenile court "had discretion on whether to use the old guidelines or the new guidelines that became effective March 28, 2019." Appellee's brief at 8. We note, as a general rule, that the governing law is not a matter left to the discretion of the court. *Conneaut v. Buck*, 11th Dist. Ashtabula No. 2014-A-0053, 2015-Ohio-2593, ¶ 22; *Rohde v. Farmer*, 23 Ohio St.2d 82, 89, 262 N.E.2d 685 (1970) ("where a specific action, ruling or order of the court is required as a matter of law, involving no discretion, that test of 'abuse of discretion' should have no application").

{¶40} Relevant to the issue of whether the newly enacted statutory provisions apply in the present case are the following rules of statutory construction: "A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48. "If there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment." *Kiser v. Coleman*, 28 Ohio St.3d 259, 262, 503 N.E.2d 753 (1986). Also relevant is R.C. 1.58(A), which applies to the amendment of existing statutes and provides that an amendment "does not * * * [a]ffect

---

[3]. In discussing the changes to the law at the June 5 hearing, counsel for Herrera stated: "As you are aware, Your Honor, that bit of the law is a little untested right now, so what to apply to over 147 overnights, I don't know."

the prior operation of the statute or any prior action taken thereunder."

{¶41} In the present case, the juvenile court's continuing jurisdiction to modify the existing support order was invoked by Herrera prior to the amendment of the support statutes. Under the principles of statutory construction cited above, as well as a substantial line of existing case law, the newly enacted provisions (as well as the amended existing provisions) do not apply to Herrera's Motion to Modify since it was filed prior to the effective date of the new laws. "Generally, courts must apply the statute in effect when the motion to modify support is filed." *Rodriguez v. Rodriguez*, 9th Dist. Lorain No. 00CA007699, 2001 WL 458674, *2, fn. 1 (cases cited); *Nolan v. Nolan*, 6th Dist. Huron No. H-90-23, 1991 WL 53769, *2 ("R.C. 3113.215 was not in effect on the date the motion for increased child support was filed by appellant" and, "[t]herefore, the trial court was not governed by R.C. 3113.215 in this case"); *Carter v. Carter*, 9th Dist. Summit No. 21156, 2003-Ohio-240, ¶ 21, fn. 4 ("[t]his Court * * * must apply R.C. 3113.215 [repealed effective March 22, 2001] in light of the fact that Appellee filed the motion for change of custody on February 8, 2001"); *Cesa v. Cesa*, 5th Dist. Coshocton No. 01 CA 12, 2001 WL 1528911, *5, citing *Leffel v. Leffel*, 2d Dist. Clark No. 2000-CA-78, 2001 WL 669423, *4, fn. 3; *cf. In re M.*, 1st Dist. Hamilton No. C-170008, 2017-Ohio-1431, ¶ 15 ("[t]he motion for permanent custody was filed on February 10, 2015, so we apply the versions of the statutes in effect at that time"); *Wiegel v. Burcham*, 94 Ohio App. 423, 425-426, 115 N.E.2d 847 (2d Dist.1952) ("an amendment [requiring the court in a bastardy proceeding to adjudge the amount which the reputed father shall pay to the mother for support and maintenance of the child] shall not affect pending proceedings, and when the amendment relates to the remedy, such amendment shall not affect proceedings existing at the time

14

of the amendment unless expressly provided in the act").

{¶42} We note the existence of authority addressing directly the changes effected by H.B. 366. In *J.E.M. v. D.N.M.*, 8th Dist. Cuyahoga No. 109532, 2021-Ohio-67, the Eighth District affirmed a trial court decision that applied the provisions of H.B. 366 in ruling on a motion to modify filed before their effective date, at least in part. In that case, the mother filed a motion to modify support on December 31, 2018. *Id.* at ¶ 5. The magistrate hearing the motion rendered a decision after the revisions to the statute. In Solomonic fashion, "the magistrate calculated mother's child support under two worksheets: the first worksheet, based on the former law, was completed for the mother's child support obligation from December 31, 2018, to March 27, 2019; the second worksheet, based on the new law, was completed for her child support obligation commencing March 28, 2019." *Id.* at ¶ 16. The trial court adopted the magistrate's dual support order, fixing one support obligation for the period prior to the effective date of H.B. 366 and another obligation for the period after its effective date. *Id.* at ¶ 21.

{¶43} The court of appeals approved the result, affirming that "[t]he trial court here did not apply the statute retroactively to mother's child support obligation incurred before the effective date of amended R.C. Chapter 3119." *Id.* at ¶ 33. The court explained:

> Based on our review of the case law authority * * *, we find no merit to father's claim that because mother's motion to modify was filed before March 28, 2019, the effective date of amended R.C. Chapter 3119, it cannot be applied to mother's support obligation even after the effective date. We note that "'a court which obtains jurisdiction over and enters orders with regard to the custody and support of children retains continuing and exclusive jurisdiction over such matter.'" *State ex rel. Clermont Cty. Dept. of Human Servs. v. Walsson*, 108 Ohio App.3d 125, 128, 670 N.E.2d 287 (12th Dist.1995), quoting *Harlow by Wheeler v. Stevens*, 12th Dist. Preble No. CA94-03-004, 1994 Ohio App. LEXIS 3778 (Aug. 29, 1994). Here, the applicable child support provisions were amended after the

15

motion to modify support was filed but before the trial court considered the matter. Because a portion of the ongoing child support obligation was incurred before the new provisions went into effect, the trial court properly recognized that the amended statute does not evince the legislature's intent for retrospective application and accordingly applied the amended provisions only to mother's child support obligations incurred after March 28, 2019, but not to her obligations incurred before that date.

*Id.* at ¶ 31.

{¶44} The "case law" referred to is *Posadny v. Posadny*, 2d Dist. Montgomery No. 19636, 2003-Ohio-783, and *Graham v. Graham*, 2020-Ohio-1435, 153 N.E.3d 843 (3d Dist.). In *Posadny*, the court of appeals merely held that newly enacted provisions of R.C. Chapter 3119 could not apply to support orders prior to the effective date of the provisions. *Id.* at ¶ 8. The situation in *Graham* was more closely akin to *J.E.M.* In *Graham*, the motion to modify support was filed and ruled upon by a magistrate before the March 28, 2019 effective date of H.B. 366. *Id.* at ¶ 4. The trial court adopted the magistrate's decision after the effective date and modified it, as in *J.E.M.*, so that two support orders were put in place, one applicable prior to the effective date of the statute and the other applicable after that date. *Id.* at ¶ 5 and 12.

{¶45} We do not find the situation in *J.E.M.* and *Graham* applicable here and express no opinion as to the propriety of the support orders affirmed in those cases. Unlike *J.E.M.* and *Graham*, the juvenile court entered a single order based on the law that existed at the time the Motion to Modify Support was filed. Certainly, the court's conduct was consistent with the statutory and case law cited above. While *J.E.M.* and *Graham* support the proposition that a trial court may enter variable support orders to avoid the retroactive application of newly enacted or amended statutes, they do not support the conclusion that a court errs by not entering such an order.

16

{¶46} The third assignment of error is without merit.

{¶47} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed. Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, J., dissents.